## Ashford *versus* Ewing.

Since the passage of the Acts of 1832, 1833, 1834, and 1836, the Orphans' Court has *exclusive jurisdiction* to make and enforce distribution of the estates of intestates.

No common law action can be sustained to recover a distributive share of such an estate, against the administrator, although his account exhibiting a specific balance against him, has been settled in, and confirmed by, the Orphans' Court.

ERROR to the Common Pleas of *Beaver county*.

This was an action of *assumpsit* to recover a distributive share. Samuel Ewing died in 1827, having made a will and appointed executors. The plaintiff, his daughter, was born after his death. In 1834 the executors filed an account showing a balance against them of $468.94, which account was confirmed by the Court, but no decree of distribution made.

[Ashford *v.* Ewing.]

The principal question was, whether the action could be maintained. The Court below (AGNEW, P. J.) was of opinion that the remedy was exclusively in the Orphans' Court, and directed a verdict for the defendants.

*Cunningham* and *Clark*, for plaintiff in error.—The father of the plaintiff died in 1827, and her rights then vested; her rights should be determined as of that time. As early as 1795, it was decided that *assumpsit* would lie by distributees: 4 *Dall.* 137. Again in 1811: 3 *Binn.* 557. The money received by him as executor, after paying debts, was considered as received by him for the use of the persons entitled. So in Bixler *v.* Kunkel, 17 *Ser. & R.* 298; *Id.* 31; 6 *Watts* 379, affirms the principle in Wilson *v.* Wilson, 3 *Binn.* 557. So of 2 *Rawle* 197; Rittenhouse *v.* Levering, 6 *W. & Ser.* 190. Such being the law when S. Ewing died, the interest of Jane descended to her *in ventre sa mere*. It was not intended to oust the jurisdiction of the Common Pleas by the Act of 1832. 7 *W. & Ser.* 167, decided that a *fi. fa.* from the Orphans' Court reached nothing but personal property. The commissioners who revised the Acts did not so understand this law. See report. 2 *Whar. Rep.* 295, determines that the Orphans' Court has no jurisdiction to determine the validity of the claim of a creditor.

The Act of 1834 relied on, did not go into effect until after this account was confirmed—it made no change in the law: 17 *Ser. & R.* 31; 6 *W. & Ser.* 190; 6 *Watts* 379.

The decisions relied on by defendants in error, were cited and commented on at length, and argued that they did not sustain the position of the Court below.

*Roberts* and *Fetterman*, contrâ.—That the Orphans' Court has exclusive jurisdiction, was cited 9 *Watts* 19; *Id.* 60; 5 *Barr* 240; 9 *Id.* 29; 3 *Id.* 60; 5 *Harris* 193; 9 *Id.* 341; 7 *W. & Ser.* 187.

The opinion of the Court was delivered by

LEWIS, C. J.—This is an action brought by a child who was born about six months after the death of Samuel Ewing, to recover a distributive share of the estate of the decedent. The administrators had settled an account which was confirmed on the 3d of June, 1834, exhibiting a balance of $468.94 in favour of the estate. There was no decree of distribution in the Orphans' Court. The Court of Common Pleas decided that since the Acts of 1832, '33, '34, and '36, taken collectively, exclusive jurisdiction to enforce distribution belongs to the Orphans' Court, and that the plaintiff cannot recover in this action at common law.

It would be a waste of time to attempt to explain or reconcile the decisions on cases supposed to be governed by the law as it

[Ashford v. Ewing.]

existed before the Act of 1832. That Act not only gives jurisdiction to the Orphans' Court, in cases of this kind, but prescribes the manner in which that jurisdiction shall be exercised. The Act of 5th March, 1806, requires that the statutory remedy shall be strictly pursued, and prohibits a resort to the provisions of the common law, further than shall be necessary for carrying the remedy provided by statute into effect. It is therefore plain that if we pay any attention to the positive enactments of the legislature, the present action cannot be sustained. After the statute gave a remedy for a ward against his guardian, by the settlement of his accounts in the Orphans' Court, it was held that the action at common law was taken away: Bowman v. Herrs's Executors, 1 *Pa. Rep.* 282. After the Act of 1834 gave a remedy in the Orphans' Court for the collection of legacies charged on real estate, it was determined that the statutory remedy must be pursued: Downer v. Downer, 9 *Watts* 60; Craven v. Bleakney, 9 *Id.* 19; Strickler v. Sheaffer, 5 *Barr* 240; Mohler's Appeal, 8 *Id.* 26. On the same principle it has been decided that a widow cannot maintain an action of dower, where her husband died seised and in possession, so as to oust the Orphans' Court jurisdiction, which jurisdiction was declared to be exclusive: Thomas v. Simpson, 3 *Barr* 60. Nor can the heirs maintain ejectment against the widow. Their remedy is exclusively in the Orphans' Court: Seider v. Seider, 5 *Whar.* 208. Nor can a vendee resort to the common law action of ejectment to enforce specific execution of a parol contract for the sale of land by a deceased vendor. His remedy is confined to that given by statute in the Orphans' Court: Myers v. Black, 5 *Harris* 193.

It was expressly decided in Kittera's Estate, 5 *Harris* 422, that the Orphans' Court is by statute clothed with authority to distribute the estates of decedents in the hands of executors or administrators, "among the persons entitled to the same;" and that by these general terms, as well as by express words, the legislature embraces creditors as well as heirs, next of kin, and legatees: 5 *Harris* 422–3. The same principle had previously been announced in Barklay's Estate, 10 *Barr* 387. In Whiteside v. Whiteside, 8 *Harris* 474, it was declared that "if there is anything besides death which is not to be doubted, it is that the Orphans' Court *alone* has authority to ascertain the amount of a decedent's property, and order its distribution among those entitled to it." In Shallenberger's Appeal, it was distinctly affirmed that the Orphans' Court, within its appointed orbit, is a Court of exclusive jurisdiction: 9 *Harris* 341.

The inconveniences and expenses arising from an action at common law by each person entitled to a distributive share, were so great as to induce the legislature to prescribe a remedy in the Orphans' Court, where the whole estate can be distributed in one

[Ashford *v.* Ewing.]

proceeding, and by a single decree. In the present case, where the sum is only $468.94, to put each of the distributees to the expense of a separate action to enforce distribution, would be to expend the fund in the effort to secure it. If the Acts of Assembly, the decisions since their enactment, or the convenience of the parties and the Courts, are to be regarded, this judgment must be affirmed.

Our attention has been particularly called to the cases of Richardson *v.* Richardson, 9 *Barr* 428, and Geddis *v.* Irvine, 5 *Id.* 508, as standing in opposition to this view of the question of jurisdiction. In the case last named, the demand was not against the executors as such, nor for assets of the decedent at all. In the case first named, the decedent settled his account in 1818, long before the jurisdiction was established on the footing of the Act of 1832. In neither of the cases did the parties make the point which has been considered in the present adjudication.

It is time that this question should be considered settled.

Judgment affirmed.