ANNIE E. CRISP, and F. GRAFTON CRISP, Trustees, &c. *vs.* ROBERT F. CRISP, WILLIAM S. CRISP, and others.

*Construction of a Will— Vesting of an estate— Vested remainder.*

In the absence of plain expressions, or an' intent plainly inferrible from the terms of the will, the earliest time for the vesting of property will be adopted, where there is more than one period mentioned in the will.

A testator by his will gave his farm in A. A. County to his wife and brother in trust, for his wife A. E. C., to use and enjoy said farm and premises, and receive the income therefrom "until such time as they shall have an offer of one hundred thousand dollars, ($100,000,) and shall invest fifty thousand dollars of the proceeds of such sale in good and safe securities under the direction of the Court, and pay the interest received from the said fifty thousand dollars so invested unto my wife A. E. C. during her natural life, and at her death said fifty thousand dollars, or the securities in

which the same may be invested, shall go to and become the property and estate of such person or persons as would, by the now existing laws of the State of Maryland, be entitled to take an estate in fee simple in lands by descent from me, and the heirs, executors and administrators of such person or persons, *per stirpes*, and not *per capita.*" HELD:

That the remainder in said fifty thousand dollars vested in the persons who were the heirs of the testator at the time of his death.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, STONE, ROBINSON, IRVING, and BRYAN, J.

*Luther M. Reynolds,* for the appellants.

*John F. Williams,* and *Julian I. Alexander,* for the appellees.

STONE, J., delivered the opinion of the Court.

That part of the will of Richard O. Crisp, of Anne Arundel County, that has given rise to the present controversy may be found in the following clauses:

"I give and bequeath my farm, situate on Curtis·Creek, in Anne Arundel County, Maryland, unto my wife, Annie E. Crisp, and my brother, Frederick Grafton Crisp, and the survivor of them, and the heirs of such survivor, and their successors, in trust and special confidence, nevertheless, for the following uses and purposes: That my wife, Annie E. Crisp, shall be permitted to use and enjoy said farm and premises and receive therefrom the rents and profits until such time as they shall have an offer of one hundred thousand dollars, ($100,000,) and shall invest fifty thousand dollars of the proceeds of such sale in good and.

safe securities under the direction of the Court and pay the interest received from the said fifty thousand dollars, so invested, unto my wife, Annie E. Crisp, during her natural life, and at her death said fifty thousand dollars, or the securities in which the same may be invested, shall go to and become the property and estate of such person or persons as would, by the now existing laws of the State of Maryland, be entitled to take an estate in fee simple in lands by descent from me, and the heirs, executors, and administrators, of such person or persons, *per stirpes* and not *per capita.*"

"But if said farm cannot be sold for the sum of one hundred thousand dollars, within eighteen years from the date of my death, then, and in that event, this trust shall cease, and in that event it is my will that said farm shall go and become the property of such persons as would, by the now existing laws of the State of Maryland, be entitled to take an estate in fee simple in lands by descent from me, and the heirs, executors, and administrators, of such person or persons, *per stirpes* and not *per capita.*"

"But if my wife should die before the sale of said farm for one hundred thousand dollars, and before the expiration of eighteen years from the date of my death, I desire that the rents and profits of said farm from the date of her death until the expiration of said eighteen years, shall go to my legal heirs.

"All the rest and residue of my property, I desire to go and be divided among my legal heirs under the laws of the State of Maryland, in the same way as it would, without a will; subject, however, to the dower interest and distributive share of my wife, in all my property, real and personal, and in said residue."

The farm was sold for the $100,000, the sale duly ratified, and the widow, and those who were the heirs-at-law of Richard O. Crisp *at the time of his death*, wishing to divide the $50,000 allotted to the widow, between them in

such manner as to suit themselves, this proceeding has been instituted. The only question for us to decide is to determine whether the remainder in this $50,000 *vested in the heirs of Richard O. Crisp at the time of his death*, or at the termination of the life estate of the widow. If the property vested in the heirs of Richard O. at the period of his death then the order of the Court below must be affirmed. If not until the death of the widow, then it must be reversed.

The Court of Appeals has long since announced in the broadest terms the general rule, that the law favors the vesting of estates, and that to make an estate contingent, it must appear from the language used and the nature and circumstances of the case, that the time of payment was made the substance of the gift. That estates will be held to be vested whenever it can be fairly done without doing violence to the language of the will, and to make them contingent there must be plain expressions to that effect, or such intent must be so plainly inferrible from the terms used as to leave no room for construction. *Tayloe vs. Mosher*, 29 *Md.*, 443, adopted in *Fairfax vs. Brown*, 60 *Md.*, 50.

If the law thus favors the vesting of property, it necessarily favors its vesting at the earliest period. Every postponement of the vesting renders it contingent and uncertain, at least as to the person who is to take.

No reason can be assigned as to the vesting itself that will not apply to the *earliest* practicable vesting. In the absence of plain expressions, or an intent plainly inferrible from the terms of the will, the earliest time for the vesting will be adopted where there is more than one period mentioned in the will. It is a question of intention, and the testator has ample power to fix the period of vesting to suit himself, (always within the time the rule of law fixes,) but he must indicate his wish with reasonable certainty, for if he does not, the law will presume he intended the earliest time.

Tested by the above rules there can, we think, be no doubt, that the interest in the property became vested at the death of the testator in those who were his heirs at that time. There is nothing in the language of this will to show that the time of the payment was the substance of this gift to his heirs, nor is there anything in the surrounding circumstances that can lead us to such a conclusion. The gift to the wife by the express terms of the will is in addition to her dower in the residue of his other property. That the testator did not intend or desire for any reasons personal to them to postpone or defer his living brother, and his deceased brothers' children to persons that might possibly be in existence at the death of his wife, is shown conclusively, we think, by the fact that by the residuary clause of his will, he gives them the residue of his property.

By this residuary clause he gives the residue to "be divided among my legal heirs under the laws of the State of Maryland in the same way that it would without a will." This residue certainly vested at the death of testator. The legacy of $50,000 at the death of his wife was to "go to and become the property and estate of such person or persons as would by the *now* existing laws of the State of Maryland be entitled to take an estate in fee simple in lands by descent from me." There is no really substantial difference in the *meaning* of these two forms of expression, and as the first points with unerring certainty to an immediate vesting, we must conclude that the other does also.

In that clause of the will that speaks of what is to become of the farm if not sold within eighteen years the testator also says, "That said farm shall go and become the property of such persons as would by the *now existing* laws of the State of Maryland, be entitled to take an estate in fee simple in lands by descent from me."

No persons answer this description except the heirs existing at the time of the death of the testator, for no others could take an estate by *descent* from him.

It will be observed that there is no expression whatever used in this will that indicates that the testator intended to fix on any future period for the vesting of this legacy. He does not use the word "then" but says "now existing." Those persons who now would take by descent seem to be the object of his bounty, and not those who might be in existence at some future time.

Upon a review of the whole will we think it comes clearly within the rule heretofore laid down, and we must affirm the order.

*Order affirmed.*

(Decided 9th January, 1884.)