savory flavor of sharp practice. The pretext for all this delay was of the flimsiest character. The company was calling for books and papers which the plaintiff did not have. He had already sent them all. If insufficient for the purpose for which they were sent, they should have been promptly returned, with notice that the company would not pay. The question of their sufficiency could then have been passed upon by a court and jury. We also find that as late as October 5th, after the limitation had expired, Mr. Allewelt, the adjuster of defendant company, wrote to plaintiff's attorney, saying that when he gets all the books and papers asked for he will make the examination as speedily as possible and return them. I attach no importance to the allegation that at this time Mr. Allewelt was not the adjuster of the defendant company. He has been acting as such from the beginning, and cannot now be allowed to play fast and loose.

We need not discuss the case further. The question of waiver was for the jury, and we think there was sufficient evidence upon this point to submit to them. It follows that it was error to direct a nonsuit.

The judgment is reversed, and a procedendo awarded.

---

## JAMES EISIMINGER v. DELILAH EISIMINGER.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF GREENE COUNTY.

Argued October 9, 1889—Decided October 28, 1889.

(*a*) A testator devised land to his widow for life, and then to his son Franklin, but directed that if Franklin should die without leaving a child or children at the time of his death, then the land should go to testator's other children, etc.

(*b*) Other property was devised by the will to Franklin and to Franklin's brother James, and by a codicil it was provided: "Also the shares of Franklin Eisiminger and James Eisiminger, I give and bequeath to Delilah, wife of Franklin Eisiminger, as Franklin Eisiminger lost his property bailing his brother James."

1. In such case, it was the intention of the testator that under the said codicil Delilah should take the whole of James's share of the estate passing by the will, including his interest in the land specially devised to Franklin on the death of testator's widow.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 142 October Term 1889, Sup. Ct.; court below, No. 36 January Term 1889, C. P.

On June 11, 1888, James Eisiminger, for the use of W. A. Hook, as plaintiff, and Delilah Eisiminger, as defendant, agreed upon a case stated for the construction of the codicil to the will of James Kent deceased.

The case stated showed that James Kent died on February 12, 1878, leaving a will dated February 17, 1877, with a codicil thereto dated February 2, 1878, duly admitted to probate. The will and codicil contained provisions sufficiently set forth in the syllabus. It appeared upon the paper books, though not in the case stated, that the widow of the testator had died in 1878, and that Franklin Eisiminger had died without issue in 1886. The case stated provided: " And the question for the opinion of the court is whether or not Delilah, wife of Franklin Eisiminger, is entitled to the share of James Eisiminger in the two hundred acres of land willed to the widow of the said James Kent, deceased, and at her death to go to her son, both of whom are dead, and the fund arising from the sale of the two hundred acres of land is now ready for distribution. If the court be of the opinion that Delilah, wife of Franklin Eisiminger, is not entitled to the share of James Eisiminger, in the two hundred acres of land willed by James Kent, deceased, to the widow, then judgment to be entered for the plaintiff for $200 with interest from October 18, 1886; but if said Delilah, wife of Franklin Eisiminger, is entitled to the interest of James Eisiminger in the two hundred acres of land willed to the widow of James Kent, deceased, then judgment to be entered for the defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein."

On October 22, 1888, the court, EWING P. J., filed the following opinion :

This controversy arises over the construction of the second clause of the codicil of February 2, 1878, to the will of James Kent, deceased, and by the terms of the case stated submitted by counsel, presents but the single question, whether or not the interest or share which James Eisiminger otherwise would have taken under the will of said decedent in the two hundred acres of land devised to Franklin Kent, by the second clause of said will, passes by said clause of said codicil to the defendant herein. It is admitted that all else which James could have taken was by said codicil given to Delilah, and it is claimed that her interest is so limited as to exclude this property. But there is nothing in said codicil to so indicate. Although it is nowhere so stated in the papers before me, I gather that Franklin Eisiminger and James Eisiminger are grandchildren of the testator, Delilah is the wife of Franklin, and Franklin, as the testator states, "lost his property bailing his brother James," and, therefore, the shares of Franklin and James are given to the wife of the former. What shares? As I have said, no particular shares are specified. Nor is there anything to be found to limit the gift to any particular property or fund. The language of the codicil is broad enough and general enough to include everything, and no contrary intention anywhere appears. Indeed, does it not appear that it was intended to include every possible interest or share? The language used imports that intention, and the reason stated emphasizes it. Franklin had "lost his property bailing James," so that James was his debtor, and evidently unable to pay, else Franklin's property had not been taken. Why not, then, give James's share to Franklin? Because, doubtless, all Franklin's obligations to his brother were not yet discharged, and James's creditors and not Franklin's would receive the benefit. Therefore the change is made, and the shares of these two unfortunates are given to the wife of Franklin—the more unfortunate, since his property went to pay not his own debts but those of his brother, and given to her that the property be secure from the creditors yet unsatisfied, and yet be of benefit to her husband still. This seems to be the plain reasoning of the codicil; and, if so, it discloses that the testator was aware that creditors yet remained unsatisfied, so that anything that he gave to either James or Franklin could not be retained by them, and that he did not intend that either of

them should receive anything.   To give only a part to Delilah
could not advantage James at all, and would but in part aid
Franklin.   And since James is wholly beyond his help, he gives
all to Delilah to assist Franklin to the extent of his power.
This seems to me to be the plain intent and meaning of the tes-
tator and of the language of said codicil, and I therefore make
the following order:

And now, to wit, October 22, 1888, after consideration and
for the reasons stated in the foregoing opinion, it is hereby
ordered and directed that judgment be entered in the case stated
in favor of the defendant, Delilah Eisiminger.

Thereupon the plaintiff in the case stated took this appeal,
assigning the foregoing decree as error.

*Mr. W. A. Hook*, for the appellant.

*Mr. J. A. J. Buchanan* (with him *Mr. George L. Wyly* and
*Mr. D. S. Walton*), for the appellee.

PER CURIAM:
This case is affirmed upon the opinion of the learned judge
of the court below.

Decree affirmed.

---

## INCORPORATION OF JEANNETTE BOROUGH.

APPEAL BY E. M. GROSS FROM THE COURT OF QUARTER SES-
SIONS OF WESTMORELAND COUNTY.

Argued October 9, 1889—Decided October 28, 1889.

1. A notice that an application for the incorporation of a borough would
   be made on February 7, 1889, published in a weekly paper on Janu-
   ary 9, 16 and 23, 1889, and in a daily paper on January 4, 5 and 7, 1889,
   is a sufficient compliance with the act of June 2, 1871, P. L. 283, provid-
   ing that such notice should be published for a period of not less than
   thirty days immediately preceding the application.