# GERTRUDE T. SHIPLEY ET AL. vs. THE JACOB TOME INSTITUTE.

*Construction of a Deed oj Trust—Vesting of Estates—Bill for Partition by Assignee of Undivided Interest—Charge Upon Shares—Opinion of Trial Court Without an Order.*

A deed of trust conveying property directed the trustee to dispose of the income in a certain manner during the life of the grantor and provided that immediately from and after the death of the grantor the trustee should hold a three-fourths undivided interest in the property to the use of Harry, Emory and Ella, children of the grantor, discharged from the trust, and should hold the remaining one-fourth interest for Howard, another child of the grantor, during his life with the remainder to his children, free from the trust; "provided however," that upon the death of the grantor an account shall be taken of all sums advanced to the said four children and said sums "shall be a charge upon the share of such child or children respectively." The deed also provided that the share of Howard should be charged with the payment of $1,700 in favor of Emory. After the death of the grantor the plaintiff in this case, who was the owner of the one-fourth interest in the property of Emory and of the charge in his favor of $1,700 upon the interest of Howard, filed a bill for a sale of so much of the property as is necessary to satisfy a mortgage and for a partition or sale of the residue of the property. Upon demurrer thereto, *held*, that upon the death of the grantor the three-fourths interest in the estate vested at once in the three children named, and the other one-fourth interest in the trustee for the benefit of Howard for life with the remainder to his children; and that the taking of an account of the advancements is not made a condition of the vesting of the shares, but the advancements are charged upon the vested interest."

*Held*, further, that the plaintiff is entitled to file the bill in this case and that it embraces the whole subject-matter, since a copy of the deed of trust is filed with it, and if the share of Emory, which the plaintiff owns is subject to a charge for advancements, that fact can be shown by the answer and proof.

When, after argument of a demurrer to the bill, the trial Court files an opinion stating that the bill would be dismissed as to certain matters, but no order is passed, the Judge may afterwards change his mind, and pass an order overruling the demurrer and it is not necessary to pass an order revoking the opinion.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Hyland P. Stewart* and *Laurie H. Riggs*, for the appellants.

*Wm. H. Dawson* and *Jos. R. Gunther*, for the appellee.

BOYD, J., delivered the opinion of the Court.

This case comes before us on appeals from an order of the Circuit Court of Baltimore County, overruling demurrers to an amended bill of complaint. There is great confusion in the record and it will be well to state with some detail what took place in the lower Court. A bill of complaint was filed March 26th, 1903, by which it was sought to have a decree passed appointing a trustee to sell so much of the estate as was necessary to satisfy a mortgage held by the plaintiff, and for partition of the residue of the property, or, in case a partition could not be made without loss or injury, that the whole might be sold and the proceeds distributed. On June 1st, 1903, a demurrer was filed by Hyland P. Stewart, one of the defendants, which was set for hearing. That demurrer did not comply with the equity rules requiring the special grounds of demurrers to be stated, and on the 10th of October another was filed by Mr. Stewart alleging that the bill was multifarious, and that the jurisdiction of the Court had already attached in another case for the partition of the trust estate, under the terms of the deed of trust. There is in the original record a paper, filed October 19th, 1903, in the lower Court, which is as follows: "The Court being of opinion that the bill is multifarious, the demurrer will be sustained for that reason, and the bill will be dismissed so far as it asks for a foreclosure of the mortgage, and will be retained so far as it asks for a partition of the property." At the instance of the appellants a writ of diminution was ordered and in the supplemental record there is a note of the Clerk of the Circuit Court as follows: "Opinion of Court was filed on the 19th day of October, 1903, and on that day the docket entry made

as follows: 'Opinion of Court sustaining demurrer and dismissing bill so far as it asks for partition filed.' This opinion, some days later on, was withdrawn by the Court and the opinion of Court dated October 19th, 1903, which was transmitted in the record sent March 14th, 1903, substituted. This docket entry remained in the above form on the docket until November 28th, 1903, when the demurrer came up for argument, and the Court directed in open Court that the docket entry of October 19th, 1903, as to the words 'sustaining demurrer and dismissing bill so far as it asks for partition' be stricken out, being erroneously entered." The opinion referred to as being transmitted March 14th, 1903, is that above quoted and evidently meant 1904. It will be observed that it is not a decree or order, but is merely an opinion of the Court and there is nothing to show that the one stricken out was not in the same form. Indeed the memorandum of the clerk refers to it as an "opinion." On October 23rd, 1903, a decree was filed by which the bill was dismissed in so far as it sought to have a sale decreed of so much of the property as may be necessary to satisfy the mortgage, but retained as to the partition. On November 4th, 1903, Mr. Stewart filed a demurrer to the part of the bill not dismissed by the order of October 23rd, assigning as reasons therefor:

1. Because by order of Court filed October 18th, that part of the bill relating to partition was dismissed, which order remains unrevoked.

2. Because the plaintiff has not filed an amended bill since the sustaining of the demurrer.

3. Because the plaintiff has not stated such a case as entitles it to relief.

4. Because the plaintiff has no proper title to institute such a suit concerning the subject-matter.

5. Because the bill does not embrace the whole matter.

6. Because the Court is without jurisdiction under the allegations of said bill and exhibits.

A similar demurrer was filed by Gertrude T. Shipley and Vincent T. Shipley, infants, by their next friend. On Novem-

ber 28th, 1903, the plaintiff obtained leave to amend the bill and on that day the bill as amended was filed. There does not seem to be in the record any demurrer to the amended bill after it was filed, but as the order of Court of December 4th, 1903, overrules "the demurrers filed to the amended bill," and requires the defendants to answer in fifteen days, we suppose the demurrers were treated as re-filed, and hence we will consider them. Another amended bill seems to have been filed December 22nd, 1903, but as that was after these appeals were entered we need not refer to it.

1. The first ground of demurrer is manifestly not well taken, for as we have seen there was no *order*, but merely *an opinion* stating that the bill would be dismissed as to the partition. That being so the Judge had the undoubted right to change his mind and he passed an order in accordance with his final determination on that subject.

2. A demurrer could not properly be filed on the ground that the plaintiff had not filed an amended bill, but in fact it did file one, to which the order appealed from was presumably applicable. If it was not, there was no demurrer to the amended bill. We have assumed that the demurrers filed November 4th, 1903, were treated as re-filed and applicable to the amended bill of November 28th, and if that be not so, the appeals which were taken December 18th, 1903, after the amended bill was filed, would be useless and present mere moot questions.

3. The third reason assigned is that the plaintiff has not stated such a case as entitles it to relief. On November 26th, 1894, Charlotte M. Shipley made a deed to Emory C. Shipley of all her property *in trust* for the uses and purposes therein set forth, such of which as we deem necessary for the proper understanding of this case we will refer to. He was authorized to collect the rents, profits and income and, after paying proper expenses, to pay to said Charlotte M. Shipley during her natural life five hundred dollars annually, in equal monthly installments, and to permit her to make her home with his family. He was to pay out of the remaining net in-

come to each of her four children, namely, Howard B. Ship-
ley, Harry V. Shipley, Emory C. Shipley and Ella M. Ship-
ley, during the term of the natural life of said Charlotte M.,
and to the children of any deceased child, the yearly sum of
five hundred dollars in monthly installments.    Provision was
made as to what should be done in the event the net income
was not sufficent to pay each of the children the five hundred
dollars, and also in case it exceeded the amount necessary for
that purpose.    After providing for sales, leases, etc., the deed
of trust continues as follows : "And *immediately from and
after the death* of the said Charlotte M. Shipley, then the said
Emory C. Shipley to hold the property and estate hereby
granted as follows, that is to say :   To have and to hold a
three-fourths undivided interest in said estate unto and to the
use of the said Harry V. Shipley, Emory C. Shipley and Ella
M. Shipley, their heirs, executors, administrators and assigns,
as tenants in common, *free, clear and discharged from the trust
hereby created*, and to have and to hold the remaining undi-
vided one-fourth interest in said estate in·trust" for Howard
B. Shipley during the term of his natural life, and immediately
after his death then to the use of his·children then living, and
the issue of any deceased child, free, clear and discharged
from the trust created.    And if no children or issue of How-
ard be then living, then for the issue of said Harry V., Emory
C., and Ella M. Shipley, and the issue of any deceased child
of said Charlotte M., free, clear and discharged from the trust.
Then follows the clause which the appellants chiefly rely on,
which is as follows : "Provided, however, that at the time of the
death of the said Charlotte M. Shipley there shall be an ac-
count taken of all sums of money that may have been hereto-
fore advanced by Vincent T. Shipley, the late husband of the
said Charlotte M. Shipley, to any of the said four children of
the said Charlotte M. Shipley, respectively, and also of any
sums that may have been advanced by the said Charlotte M.
Shipley to them or any of them, and also of any sums of
money that the said trustee may be required to pay for on
account of the said Charlotte M. Shipley by reason of any lia-

bility incurred by her through or on account of any of the said four children, and all sums of money so found due by any one of the said children of the said Charlotte M. Shipley, or to have been received by them, or any of them, *shall be a charge upon the share of such child or children respectively."* She then charged the share of Howard with the payment of the sum of seventeen hundred dollars, in favor of Emory for money advanced by the latter, "but provided further that no interest shall be allowed or charged on any of said sums so found to be due and hereby *made a charge on the respective shares* of the said children of the said Charlotte M. Shipley."

The plaintiff (appellee) claims to be the owner of the one-fourth interest of Emory C. Shipley and of the charge of seventeen hundred dollars against Howard's interest, and the appellants say that the bill has not stated fully the conditions and provisions upon which Emory C. was to have the fourth interest, and allege that Emory has not complied with the terms of the deed of trust as he only rendered two accounts and has not properly performed his trust in other respects. The answer to that suggestion is that it does not appear in the bill and hence is not before us. The plaintiff did file with the bill a copy of the deed of trust and thereby disclosed, everything in it, and if there be any point in the appellant's suggestion, it must be raised by answer or other proper proceeding.

The most important question urged is the effect of the clause in the deed of trust above-quoted in regard to accounting. The appellants contend that the account must be taken before there can be a proper partition of the property, as it is a condition precedent which must be performed before that is done. They place great stress on the use of the term *"Provided,"* to show that a condition was intended. But we fail to see anything in the deed of trust which requires or authorizes that construction, when all of its provisions are considered. On the contrary, its language is such as to show very clearly an intention on the part of Mrs. Shipley that the three-fourths interest in the estate should vest at once in her three children, and the other fourth in the trustee for the benefit of Howard

during his life, with remainder to his children.  In the first place, the deed of trust provides that *"immediately from and after the death of the said Charlotte M. Shipley"* the said Emory shall "hold a three-fourths interest in the estate unto and to the use of the said Harry V. Shipley, Emory C. Shipley and Ella M. Shipley, their heirs, executors, administrators and assigns, as tenants in common, *free, clear and discharged from the trust hereby created,"* and provision was made as stated above as to the other fourth.  Then after the accounting provided for, she directed that all sums of money so found to be due by any of her children *"shall be a charge upon the share* of such child or children respectively,"* and she went on to *"charge the share"* of Howard with the sum due by him to Emory, and again provided that no interest shall be allowed or charged on the sums found to be due "and hereby *made a charge* on the respective shares," etc.  The language thus used can have but one meaning.  It says in so many words that *immediately after the death* of Mrs. Shipley the three-fourths interest is to be to the use of the children named as tenants in common, *free, clear and discharged from the trust.* and in providing for the accounting she expressly said that the amount found to be due should *be a charge upon the share* of such child or children respectively.  What share was she speaking of?  Undoubtedly, the share that such child got immediately after the mother's death.  If the children had no shares until after the accounting, why would she have provided for a charge on them?  According to the theory of the appellant the shares could not be vested in them until after the accounting.  If that be so, there would be no occasion to charge the shares with the amounts due, as each child would only have vested in him the difference between one-fourth of the estate and the amount due by him.  In other words, if one-fourth of the estate was valued at ten thousand dollars and Emory owed five thousand dollars under the terms of the deed, he would only have vested in him a one-eighth interest, instead of one-fourth, which would be in conflict with the clear and manifest intention of the deed.  Each child would have

the right to pay off what he owes and thereby release the charge and have his share free from it. The deed does not attempt in any way to postpone the vesting of the shares.

It is not necessary to cite authorities outside of this State to show that the ordinary use of the word "provided" signifies a condition. It is so said as recently as in the case of *Bennett* v. *Humane Impartial Society*, 91 Md. 20. But when it is used in such connection as to clearly show, together with other terms of the instrument, a contrary intention, as we think this does, such meaning is not attributable to it. In *Bennett's case* it was contended that the word "provided" created, and was intended to create, a trust as used in the will there being considered, and it was said "the word provided *may* denote a trust when the context justifies such a rendering. But obviously this can only occur when apart from the word itself the intention to fasten a trust on the gift is apparent." That case is cited in a note to 23 *Am. & Eng. Ency. of Law*, 292, where it is said in the text "The words 'proviso' and 'provided,' are apt words to create a condition. But though their usual, this is not their invariable, effect; and they may be shown by the context to express simply a covenant or limitation." Or, as was said in another case there cited (*Hersey* v. *Purinton*, 96 Me. 166), "The word 'provided' is an apt and appropriate word to indicate an intention to give contingently; yet words literally contingent in their meaning and import must bend to the construction in favor of vesting the estate or interest if the will, in its other parts and features, shows that such was the intention of the testator."

It would be useless to quote from cases in this State or elsewhere to show that the law favors the early vesting of estates, as it is too well established to require the citation of authorities. But a quotation from *Crisp, Trustee*, v. *Crisp*, 61 Md. 152, will not be amiss to illustrate the tendency of this Court. It is there said "That estates will be held to be vested whenever it can fairly be done without doing violence to the language of the will, and to make them contingent there must be plain expressions to that effect, or such intent must be so

plainly inferable from the terms used as to leave no room for construction." In *Mercer* v. *Safe Deposit Company*, 91 Md. 115, in considering the vesting of estates under a deed of trust after referring to and quoting from *Tayloe* v. *Mosher*, 29 Md. 456, and *Crisp, Trustee*, v. *Crisp*, *supra*, it was said "If the law is thus exacting in respect to the question now being considered, in construing wills, where it is always indulgent to the intent of the testator, it will certainly be no less strict in its application to the construction of a deed under which the question arises here." The Court below was undoubtedly right in not sustaining the demurrer for this reason.

4. The next ground relied on was "Because plaintiff has no proper title to institute such a suit concerning the subject-matter." This is equally untenable. The plaintiff alleges that it has acquired the interest of Emory C. Shipley in the property conveyed by Charlotte M. Shipley, and also his interest in the charge of seventeen hundred dollars against Howard, and filed with the bill its deed conveying them, together with other property. Of course the plaintiff took the property subject to any proper charges against Emory, under the terms of the deed of trust. The Court below ordered a consolidation of this case with the trust case, and referred the consolidated cases to the auditor to state an account between the parties in accordance with the deed of trust.

5. Another reason assigned is "Because the bill does not embrace the whole matter." The brief says the bill entirely ignores the provisions and conditions of the deed of trust, but there is filed with it a certified copy of the deed and if in fact Emory's interest is subject to charges, it can be shown by the answer and proof.

6. The sixth reason is equally untenable, and without further discussing the question, we are of the opinion that the demurrers were properly overruled, and the order of December 4th, 1903, must be affirmed.

> *Order affirmed, and cause remanded, the appellants to pay the costs of this appeal, including those of transmitting the record, the costs below to abide the result of the case, unless hereafter otherwise ordered.*