### THE JACOB TOME INSTITUTE et al. *vs.* EMORY C. SHIPLEY, Trustee, et al.

*Construction of a Deed of Trust—Charges Upon an Equitable Life Estate.*

A deed of trust conveying property after reserving an equitable interest therein for life to the grantor, provided that upon her death the trustee should hold three-fourths interest in the estate for three of the grantor's children, discharged from the trust, and hold the remaining one-fourth

interest in the estate in trust for the benefit of the grantor's son Howard, paying to him the income thereof during his life, and upon his death leaving children that share to vest in them absolutely and if he die without issue then the remainder over to other parties. The deed further directed that upon the death of the grantor an account should be taken of all sums advanced by her or by her husband to any of the four children, and that these sums should be a "charge upon the share of such child or children respectively;" also that the share of Howard should be charged with the sum of $1,700 in favor of a brother for the money advanced by the latter. *Held*, that the sums directed to be charged against the share of Howard are charges upon his equitable life estate only, and not on the entire one-fourth interest in the property, held in trust for him for life with the remainder over.

*Held*, further, that the sum of $1,700 charged upon the share of Howard in favor of his brother has no priority over the other charges on his share for advancements from the grantor.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before MCSHERRY, C. J., BOYD, SCHMUCKER and JONES, JJ.

*Joseph R. Gunther* and *Z. Howard Isaac*, for the appellants.

*Hyland P. Stewart*, for the appellees.

JONES, J., delivered the opinion of the Court.

The questions in this case arise upon the construction to be given to certain provisions in a deed of trust executed on the 26th day of November, 1894, by Charlotte M. Shipley (widow), now deceased, to Emory C. Shipley, of all her estate and property of every nature. The deed provides for the payment of the grantor's debts; for the collection by the trustee of the "rents, profits and income" from the granted property; and after payment of expenses, for paying to the grantor a specified income, and for a home for her with the trustee; then out of the remaining net income for paying to each of her four children during the life time of the grantor, and the children of any deceased child, the like sum of money, as a yearly income, as she provided for herself. Then after directing what is to be done in case of an insufficiency of in-

come from the estate to pay to each child the specified annual sum, and what, in case the income should exceed the amount necessary to pay said annual allowances and conferring upon the trustee the power to sell, lease, mortgage, &c., the deed contains this provision "immediately from and after the death of said Charlotte M. Shipley then the said Emory C. Shipley to hold the property and estate hereby granted as follows, that is to say: To have and to hold a three-fourths undivided interest in said estate unto and to the use of the said Harry V. Shipley, Emory C. Shipley and Ella M. Shipley, their heirs, executors, administrators and assigns, as tenants in common, free, clear and discharged from the trust hereby created, and to have and to hold the remaining undivided one-fourth interest in said estate, in trust and confidence to collect the rents, income and profits issuing from and arising out of said one-fourth interest and after paying the expenses of said trust to pay over the net balance to the said Howard B. Shipley for and during the term of his natural life, and immediately from and after death of the said Howard B. Shipley, then to the use of the children then living of the said Howard B. Shipley and the issue then living of any deceased child or children of the said Howard B. Shipley free, clear and discharged from the trust hereby created, such children and issue to take *per stirpes* and not *pet capita*. And if no such children or issue then living of the said Howard B. Shipley then for the use of the said children of the said Charlotte M. Shipley, viz: Harry V. Shipley, Emory C. Shipley and Ella M. Shipley then living and the issue then living of any deceased child or children of the said Charlette M. Shipley, free, clear, and discharged from the trust hereby created. The said Harry V. Shipley, Emory C. Shipley and Ella M. Shipley and their issue to take *per stirpes* and not *per capita*, provided, however, that at the time of the death of the said Charlotte M. Shipley there shall be an account taken of all sums of money that may have been heretofore advanced by Vincent T. Shipley, the late husband of the said Charlotte M. Shipley. to any of the said four children of the said Charlotte M. Shipley, respectively, and

also of any sums that may have been advanced by the said
Charlotte M. Shipley to them or any of them, and also of any
sums of money that the said trustee may be required to pay
for, or on account of the said Charlotte M. Shipley by reason
of any liability incurred by her through or on account of any
of said four children, and all sums of money so found due by
any one of the said children of the said Charlotte M. Shipley
or to have been received by them or any of them shall be a
charge upon the share of such child or children respectively.
And I hereby charge the share of the said Howard B. Shipley
with the payment of the sum of seventeen hundred dollars in
favor of the said Emory C. Shipley, money advanced by the
said Emory C. Shipley to the said Howard B. Shipley. But
provided further that no interest shall be allowed or charged
or any of said sums so found to be due and hereby made a
charge on the respective shares of the said children of Char-
lotte M. Shipley."

The deed now in controversy was before this Court for con-
struction in *Shipley et al.* v. *Tome*, 99 Md. 520, as to questions
which will appear by reference to that case. Since then the
property which was the subject of the trust created by the
deed in question has been sold and the proceeds of sale are
in Court for distribution among the parties now entitled.
Some of the interests which passed under the deed to Mrs.
Shipley's children having been acquired by other parties. An
auditor's account was stated making distribution of the pro-
ceeds of sale and the questions in the case arise upon excep-
tions to this account of the auditor. The account was ratified
by the Court below and the appeal here is from an order of the
Court overruling the exceptions and ratifying the account
which was passed on the first of July, 1905. It appears that
an order of ratification was passed on the 11th of July, 1905,
also; and there being no specific reference in the order for
appeal to this last mentioned order of ratification some ques-
tion was suggested as to the effect of a failure to appeal from
such order. In the view we take of the case this becomes an
immaterial inquiry; though we may say that in the circum-

stances of the case we do not see much force in the suggestion. Any further recital of the facts will be unnecessary.

The questions raised upon the exceptions are, 1st, whether the sums of money to be charged, under the provisions of the deed, against the share of Howard B. Shipley on account of money advanced to or paid for him as mentioned in the deed, are charges upon his equitable life estate only, or upon the the entire one-fourth interest in the property which the deed conveys to the trustee to be held for the use of Howard B. Shipley during his life and upon his death to his children then living, &c. 2nd. Whether the seventeen hundred dollars, which, by the deed, is made a charge on the share of Howard B. Shipley in favor of Emory C. Shipley, has priority over the charges to be made against his share under the general provision for charges against the children of the grantor for monies received by them as mentioned in the deed?

The auditor's account in question was stated on the theory that the charges alluded to in the first inquiry were to be made only against the life estate of the said Howard B. Shipley; and that the charge alluded to in the second inquiry had no priority. We think the account was stated upon the theory supported by a proper construction of the clause of the deed which has been recited and was therefore properly ratified. Deeds are to be constructed according to the intention manifested in the instruments themselves when viewed in their necessary relation to the circumstances surrounding the parties. This Court has said this was familiar and well established doctrine. *Cross* v. *Ridgely*, 83 Md. 161, and cases there cited.

As to the claim of priority for the charge of seventeen hundred dollars in favor of Emory C. Shipley no warrant can be found in the deed therefor. There appears no reason for a preference to be accorded to this charge, and the language and terms of the deed give no indication of an intention to give it priority. It is simply made a charge as other debts of Howard B. Shipley are made a charge against him and nothing more.

In regard to the first-mentioned inquiry it is to be observed·
that in providing in the deed how the property is to be dis-
posed of at her death the grantor gives to each of her children,.
except Howard B. a one undivided fourth "interest" in the
same. ` The remaining undivided one-fourth "interest" is
given to a trustee, who is to hold the legal title ; and out of
it is carved an equitable life estate for Howard B. and the
whole of the estate in this one-fourth interest remaining after
carving out the life estate is given to Howard's children ; and
then in certain contingencies it is to go over ; thus making it
manifest that all that Howard was ever to have was a life estate.
Not only was it not provided that he should have anything
more than this equitable life interest but it was put beyond
possibility that he should have anything more.   Now, when
the grantor comes to provide for the charges the language is
"shall be a charge upon the *share* of such child or children,"
&c.   She does not say the charge shall be upon each of the
one undivided fourth interests.  If each child had been alloted
a one undivided fourth interest then the share of a child and
a one undivided fourth interest would have been equivalent
terms ; but each child did not take an undivided fourth interest.
One of these interests was given to a trustee and the child, as
to this fourth, was given as a share thereof an equitable life
estate in the same.   All the balance of the estate or interest
therein was given to others and in such a way as to isolate as
it were, his life estate ; for as has been seen no interest in the
one-fourth in question could come back to him, and it might
pass out of his family.   The life estate in question therefore,
it would seem, was described by the term "share" as em-
ployed in the deed ; and the most natural and obvious effect
to be given to the term "share" as respects the share of
Howard B. Shipley in the property disposed of by the deed is
to apply it to his equitable life estate.

There does not appear in the deed anything to attach a
different application to the term "share."   On the contrary
there appears what would make this application the more
reasonable one.   We are to give effect to every provision in

the deed and carry out every intention indicated therein as far as possible. Now it seems evident that it was intended to make provision for the children of the son Howard and to make it independent of him—otherwise why should they be brought into the deed or be taken into consideration in connection with it at all. It is not reasonable to suppose that in making this provision for Howard's children it was in her mind so blended with the provision for Howard that when she afterwards referred to the provision for Howard or the interest she had given him she was including in it the interest she had designated for the children. Again it appears that the aggregate of the charges against Howard's share would more than consume the entire one fourth interest which was given in trust for the benefit of him and his children. The circumstances indicate that the grantor must have known, at least, very nearly if not accurately, the extent of these charges, and she must have known the extent of the property of which she was disposing. That being so if in providing for the charges against the "shares" of her children she meant that the entire one fourth interest put in trust for Howard and his children should be made liable to the charges against him, she would have known that she was going through an idle ceremony to provide any remainder in such interest to the children of Howard and that she was accentuating the folly of so doing by provisions for remainders to others in the contingency of Howard, the son, leaving no children living at his death. It is but reasonable to suppose she thought she was dealing with substance in providing these remainders. Lastly, if she designed that the charges in question should impose a liability for their payment upon the whole of the undivided fourth interest left in trust she could readily, and, it would seem, naturally would have used forms of expression in making the provision under consideration that would have made the meaning clear to that effect. The fact that no such form of expression was adopted goes to strengthen the construction that gives to the expressions that were used their more natural and ordinary meaning.

For the reasons assigned we are of opinion that the account of the auditor was stated in accordance with a proper construction of the deed in question and the order ratifying the same will be affirmed.

*Order affirmed with costs to the appellees.*

(Decided January 11, 1906.)