## Small v. Small, Appellant.

*Wills—Construction—Intention—Meaning of "share" — Residuary devise—Gifts in trust—Property included in the gift—Case stated.*

1. The use of the word "share" in a will naturally imports all that a legatee takes thereunder, and will be so construed unless an intention to the contrary is fairly to be deduced from other language of the testator.

2. On a case stated for the purpose of determining whether plaintiffs could convey a marketable title to certain real estate, where it appeared that the land had passed under the residuary clause of a will wherein testator gave to a daughter, one of the plaintiffs, an equal share with each of his other children in his residuary estate, and by codicil such testator increased a legacy of $10,000 to such daughter, to $20,000, and directed that the "principal of the share of my daughter J. A. shall be held in trust by my executors" for her benefit during her life, and that of her husband and children after her death, the court erred in holding that a deed executed by such daughter and the other residuary legatees would operate to convey a marketable title to land included in the residuary bequest.

3. In such a case the intention of the testator was to include the daughter's share of the residuary estate in the trust created by the codicil.

Argued April 21, 1913. Appeal, No. 181, Jan. T., 1913, by defendant, from judgment of C. P. York Co., April T., 1913, No. 132, for plaintiff, on case stated in case of Henry Small, John H. Small, David E. Small and Julia Small Gotwald, v. Jacob F. Small. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Case stated to determine title to real estate. Before ROSS, J.

The opinion of the Supreme Court states the case.

The court entered judgment for plaintiffs.   Defendant appealed.

*Error assigned* was the judgment of the court.

*James St. Clair McCall,* for appellant.

*George Hay Kain,* for appellee.

Opinion by Mr. Justice Potter, July 10, 1913:

This is an appeal from a judgment entered in a case stated, to determine title to real estate.   The record is deficient in that it does not show the docket entries, nor does the form of the action appear.   In the case stated it is set out that David E. Small died on March 25, 1883, leaving a will dated June 5, 1877, with one codicil dated December 23, 1882, and another codicil dated March 6, 1883.   In this will the testator gave to his daughter Julia A. Small, now Gotwald, the sum of $10,000 to be paid to her in whole or in part at the discretion of his executors upon her attaining the age of twenty-eight years, or to be paid to her absolutely after the death or remarriage of his widow, and also gave to her an equal share with each of his other children in the residue of his estate.

In the first codicil to his will testator gave to this daughter Julia A., in lieu of the $10,000 legacy given in the will, the sum of $20,000 on her attaining the age of twenty-eight years, "the sum so bequeathed to my said daughter Julia A. to be held in trust by my executors as hereinafter provided."   By a subsequent clause of the codicil the testator directed that "the principal of the share of my daughter Julia shall be held in trust by my executors" for her benefit during life and that of her husband and children after her death.

A part of the residuary estate consisted of a house and lot of ground situated in the City of York, and Jacob F.

Small agreed to purchase from the plaintiffs their interests therein, upon the execution and delivery to him of a deed, conveying a marketable, fee simple title. Upon the tender of a deed executed by the plaintiffs, to the defendant, he refused to accept it, or to pay the purchase money, alleging that the interest of Julia Small Gotwald was not absolute, but was, under the will, held for her in trust by the executors of David E. Small, deceased. In the case stated, it was stipulated that if the court should be of opinion that the will of David E. Small, deceased, vests a good, marketable, fee simple title to an undivided four-fifths of the real estate described, in the plaintiffs (which of course includes the share of Julia Small Gotwald) then judgment is to be entered in favor of the plaintiffs and against the defendant. If the court should be of opinion that the said plaintiffs did not have such good, marketable title, then judgment is to be entered for the defendant. The court below held that the trust created for plaintiff by her father's will did not include her share of the residuary estate, and that her interest therein was vested in her absolutely. He therefore entered judgment in favor of the plaintiffs. Defendant has appealed.

The question to be determined is whether the language of the fifth clause of the first codicil to the testator's will, which reads, "I direct that the principal of the share of my daughter Julia Small be held in trust by my executors" applies to her one-fifth interest in the testator's residuary estate. The use of the word "share" naturally imports all that a legatee takes under a will. This is well illustrated in Eisiminger v. Eisiminger, 129 Pa. 564, where the testator devised land to his wife, and then to his son Franklin with a devise over in the event of Franklin dying without leaving children, and also devised other property to Franklin absolutely. By a codicil testator provided as follows: "Also the shares of Franklin Eisiminger and James Eisiminger I give and bequeath to Dehlia, wife of Franklin Eisiminger, as

Franklin Eisiminger lost his property bailing his brother James." It was held that by the use of the word "share" testator intended to give Franklin's entire interest under the will, including the property devised, to his wife for life. Ewing, P. J., in an opinion adopted by this court, said (p. 566) : "What shares? As I have said, no particular shares are specified. Nor is there anything to be found to limit the gift to any particular property or fund. The language of the codicil is broad enough and general enough to include everything; and no contrary intention anywhere appears. Indeed, does it not appear that it was intended to include every possible interest or share? The language used imports that intention." To the same effect are the decisions in Lewis's Appeal, 108 Pa. 133, and Rankin's Estate, 41 Pa. Superior Ct. 410. We are satisfied that the word "share" as used in the codicil in the present case must be taken to include everything that testator's daughter Julia takes under the will, unless an intention to the contrary is fairly to be deduced from other language in the will or codicil. Reference, however, to other instances in which the testator used the word, strengthens the conviction that he used the word "share" in its ordinary sense, as including everything given to his daughter. Thus in clause 7 of the will he uses the word "shares" three times in reference to the interests of his children in his residuary estate. In clause 9, the word "share" is again used three times with reference to interests in the residue. And in clause 14 the words "share" and "shares" are again used obviously in their ordinary meaning. In clause 3, the testator gives special direction that the legacy of $20,000 to his daughter Julia is to be held in trust by his executors, but there is nothing to show that he intended to limit the trust to that legacy. We think his evident intention was to use the word "share" in clause 5 of the codicil in its usual and ordinary sense, and that would include the entire interest of his daughter in his estate.

The judgment of the court below is therefore reversed, and judgment is here entered for the defendant.