# Gotwald v. Small, Appellant.

*Decedents' estates—Jurisdiction O. C.—Residuary estates—Distribution—Action for residuary legacies.*

1. A common law action cannot be sustained against an executor or administrator to recover a distributive share of the residuary estate of a decedent. Exclusive jurisdiction to determine questions relating to the proper distribution of a decedent's estate is vested in the Orphans' Court.

2. In an action by a residuary legatee to recover from an executor plaintiff's share of a decedent's residuary estate, judgment must be entered for the defendant where it appears that by the terms of testator's will the principal of the plaintiff's share is to be held in trust by the executor, the income only to be paid to her as it accrues during her life.

Argued April 21, 1913. Appeal, No. 180, Jan. T., 1913, by defendant, from judgment of C. P. York Co., April T., 1913, No. 131, for plaintiff, on case stated in case of Julia Small Gotwald v. Henry Small, surviving executor of the last will and testament of David E. Small. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Case stated to determine the character of plaintiff's interest in the residuary estate of a decedent. Before ROSS, J.

The facts appear in Small, et al., v. Small, 242 Pa. 235, and in the opinion of the Supreme Court.

The court entered judgment for plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*James St. Clair McCall,* for appellant.

George Hay Kain, of Cochran, Williams & Kain, for appellee.

OPINION BY MR. JUSTICE POTTER, July 10, 1913:

In this appeal from a judgment entered in a case stated, it appears that the question raised in the court below related to the proper distribution of the residue of a decedent's estate. It would seem, therefore, that the exclusive jurisdiction to determine the question here involved was in the Orphans' Court. A common law action cannot be sustained against an executor or an administrator to recover a distributive share of the estate of a decedent: Whiteside v. Whiteside, 20 Pa. 473; Ashford v. Ewing, 25 Pa. 213; Black v. Black, 34 Pa. 354. In principle, however, the opinion which has just been filed in Small, et al., v. Small, 242 Pa. 235, is decisive of the question here raised. We there held that the word "share," as used by this testator in the fifth clause of the first codicil to his will, was intended to include the entire interest of his daughter Julia in his estate. Under that clause the principal of her share is to be held in trust by the executors, the income only to be paid to her as it accrues, during her life.

The judgment is reversed.