## Elvidge's Estate

*Edwin C. Emhardt,* for exceptants.
*Nathan Griffith,* contra.

BOLGER, J., May 20, 1938.—The finding of the auditing judge that Harold's wife's interest should be free of the charge of any portion of advancements to Harold is the subject of the exceptions. The effect of the finding is two-fold—upon the interests of the other children, as well as upon those of Harold's wife. Harold's wife is preferred over Harold and the other legatees, and the accountants and Harold claim that she now receives over $500 more than the amount to which she is entitled.

The question involved is whether Harold's wife should be preferred to Harold. This in turn depends upon whether her interest under the will is direct and independent or derivative and dependent.

In Waln's Estate, 109 Pa. 479, 487, the court said that "no such preference, however, can be presumed; it must clearly appear, either by the express words, or from fair construction of the will. . . . Equality is the highest equity, and, in a distribution to legatees, will be enforced unless, as directed by the Act of 1834, 'it shall be otherwise provided by the will.' The burden is upon the appellants; if the will gives them a preference over others, they must point out the place where it may be found."

In Small v. Small, 242 Pa. 235, it was decided that the "share" of a person in an estate includes everything given in the will, unless an intention to the contrary is fairly deduced from the other language in the will. See also Lewis' Appeal, 108 Pa. 133.

In Mickley's Estate, 4 Pa. Superior Ct. 550, where equality among children was intended by the testator, the gift of a "share" to children of a deceased child, eo nomine, did not relieve such share from the burden of advancements to their parent.

In Frantz's Estate, 33 Lanc. L. R. 412, testator provided a "share" to each of his six children, and "one-third of a share" to a grandson, specifying that the grandson should receive " 'one-third as much as one of my children are to receive' ". Held, an advancement to the grandson's mother (testator's daughter) should be deducted from his share. The court said that the grandson was not independently distinguished as a legatee, but as the son of Mary E. Shartle, thus showing that testator had not disassociated his mother, but on the contrary pronounced her a factor, and it indicates that in his mind her relations to him and his estate were weighed in the same scales as were those of his other children, and her son held a dependent position.

Here testatrix expressly provided for equality in two different instances, one, generally among her children, and two, "with the exception that Mary, wife of Harold E. Elvidge, will share equally her husband's share." This language and the language in a subsequent part of the will dealing with the deduction of the advancements should be read together. This latter language is as follows:

"I direct my executor hereinafter named to deduct the unpaid balances thereon, plus accrued interest at legal rate, from the respective shares of the persons owing the respective sums".

In the light of the foregoing authorities, we are of the opinion that the interest of Mary, Harold's wife, is derivative and dependent, and therefore that she is not entitled to the preference given her by the learned auditing judge. She is not independently distinguished, but regarded in the mind of the testatrix and in her will as

the wife of testatrix's son. The real strength of Harold's wife's position lies in the fact that the testatrix directed the deduction of the unpaid balances "from the respective shares of the persons owing the respective sums." However, we find that no more weight can be given to that language than the Superior Court in Mickley's Estate, supra, gave to the clause, "after deducting from each so much as has already been given them". In the cited case, the one to whom the testator had made the advancements was dead at the time he wrote his will, and in spite of the circumstances the court held that the advancements to the parent were deductible from the shares of her children. In other words, the derivative aspect of the interest acquired by Harold's wife in inheriting through him as his wife must extend likewise to the responsibility of sharing the charge involved in the deduction of the advancements to him.

Not only is equality the keynote of the testatrix's wishes, but as between Harold and his wife, we find no other language in the will from which a contrary intent is fairly deducible.

The exceptions to the decree of the auditing judge are accordingly sustained, and the schedule of distribution presented by the accountants is approved.

LADNER, J., dissenting.—I regret I cannot agree with the majority opinion.

Canons of construction, rules of interpretation, and precedents cannot be applied to overcome the plain language in a will nor to supply words omitted.

The testatrix directed her "executor . . . to deduct the unpaid balances thereon [i e., notes mentioned] from the respective shares of the persons owing the respective sums as evidenced by the aforesaid notes." What is given to the wife falls within the general conception and definition of the word "share". Bouvier defines "share" as "a portion of anything. Sometimes the shares are equal, other times . . . unequal." Small v. Small, 242 Pa. 235,

defines the word "share" in a will as naturally importing all that a legatee takes thereunder and will be so construed unless an intention to the contrary is fairly to be deduced from other language of the testator.

The wife is "not a person owing" anything, hence, in absence of express direction by the testatrix that the debt of her husband is to be deducted from her share, it ought not to be done. If the testatrix had so intended, she might easily have said so. The wife's share is not the husband's share, and the direction is to deduct from the respective shares of the persons owing.

A case more nearly in point than any cited in the majority opinion is that of Jacob Tome Institute et al. v. Shipley et al., 102 Md. 642, 62 Atl. 1042. There a guarantor by deed of trust provided that at his death one fourth of his estate should go to each of three children, the other one fourth to go to the trustee for the benefit of the fourth child during his life, and at his death to his children, free of the trust. The deed of trust made advancements to each child a charge on his share. It was held that the advancement to the fourth child was a charge only on his equitable life estate and not on the share of his children. If we substitute the wife for the children, we have this exact case.

The argument that the principle of equality prevents a construction which would operate to reduce the shares of the other children because of forgiveness of any balance where the share of the debtor is insufficient to pay, loses sight of the fact that this is only a partial distribution upon a first account. The whole estate is of sufficient size to discharge the entire debt of the husband out of his legacy alone without requiring contribution from the other children or from the wife's legacy. For these reasons I feel obliged to dissent.