Marcer et al., Admrs., Appellants, *v.* Wilson et al.

Argued November 17, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Jerome L. Markovitz,* with him *James L. Stern,* for appellants.

*Abraham Wernick,* with him *Rowland C. Evans,* for appellees.

OPINION BY MR. JUSTICE JONES, January 3, 1949:

The subject matter of the suit in equity out of which this appeal arises was heard and adjudicated by the Orphans' Court of Philadelphia County some six years ago; and, the final decree then entered was affirmed by this Court on appeal: see *Wilson Estate,* 346 Pa. 562, 31 A. 2d 106.

The import of the decisions both below and here was that, while Miriam B. Wilson, the widow of John C. Wilson, deceased, could have claimed a status as creditor of her deceased husband's estate under their

antenuptial agreement,[1] she had, nevertheless, by her conduct subsequent to her husband's death, elected to regard herself as an heir of her husband to the extent of her antenuptially agreed upon interest in his estate and had so acted toward the decedent's executors, creditors and other heirs. (The husband by his will had done no more than appoint executors.)

Payment of bank creditors of the husband in large amounts was made by his executors in reliance upon Mrs. Wilson's being an heir and with her full knowledge and acquiescence under advice of independent counsel. As a consequence one of the creditors satisfied its lien against the decedent's realty and the other, having been paid in full within the year following the decedent's death, took no action to perfect a lien, such a course being unnecessary in the cited circumstances. In her subsequent effort to change her status to that of creditor of the decedent, the widow was held to be estopped and her petition to require the children of the testator to pay into the estate a sum sufficient to award to her a distributive share as a creditor of her deceased husband's estate was dismissed. Mrs. Wilson having died in February 1940, before the matter had come on for hearing in the Orphans' Court, her personal representatives were substituted for her of record, and, thereafter, they appealed to this Court from the adverse decree of the Orphans' Court with the result as already indicated. The same personal representatives and one of them in her individual capacity as an heir of Mrs. Wilson are the several present appellants from the decree of the Court of Common Pleas dismissing the bill which they filed in January 1946 to impress a trust upon the residual

---

[1] As recognized in *Wilson Estate*, supra, at pp. 563-564, ". . . an antenuptial agreement ordinarily constitutes the wife a creditor rather than an heir: [citing] *Jones' Appeal*, 62 Pa. 324; *Coane's Estate*, 310 Pa. 138, 165 A. 2; *Goeckel's Estate*, 131 Pa. Superior Ct. 36, 198 A. 504; *Brown's Estate*, 340 Pa. 350, 17 A. 2d 331."

realty of John C. Wilson, deceased, in favor of his widow as an heir.

The learned court below dismissed the plaintiffs' bill of complaint on the ground that the matter in suit is *res judicata,* citing *Wilson Estate,* supra. While the result so arrived at seems manifestly correct, unfortunately for a definitive disposition of the controversy, we do not now reach the merits in the view we take of the present litigation. Whatever rights Mrs. Wilson had (and her estate succeeded to) in her deceased husband's estate existed by virtue of her status as an heir of her husband to the extent of her limited interest specified in the antenuptial agreement. The place for the enforcement of any such rights is the Orphans' Court, the jurisdiction whereof in the premises Mrs. Wilson invoked in her lifetime and her personal representatives thereafter pursued to final decree: see *Gotwald v. Small,* 242 Pa. 239, 240, 88 A. 1015; also *Thomas v. Johnson,* 356 Pa. 570, 572, 52 A. 2d 663, and cases there cited.

The decree of the court below is vacated and the bill dismissed at the appellants' costs for want of jurisdiction.