While not a legal investment, it was a reasonably prudent one, and proved successful. The appellant might well have hesitated, under the circumstances, before entering upon the tedious and expensive process of charging his guardian with a share of the profits of the firm. The result of this investigation, as before observed, is not satisfactory to the appellant. He is willing to take a share of the profits, but not to share the losses of the firm, and the necessary charges and expenses incident to the conduct of the business. Numerous assignments of error have been filed to the findings of the auditor and the court below. They are in the main to the theory upon which the account is stated, and are without merit. To discuss them in detail would consume much time, and serve no good purpose. We think the principles adopted by the auditor are substantially correct, and if there are any errors in the details they have not been made to appear.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.

---

## P. J. RAU, ADMR., v. JOHN H. SMALL ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 22, 1891—Decided October 5, 1891.

(a) A guardian loaned money of his ward to a manufacturing company of which the guardian was a member. Pending proceedings in the Orphans' Court, in the settlement of his final account, the ward filed a bill in equity against the guardian and the other members of the company, for discovery and an account of profits made while using the ward's money :

1. The money having been loaned to the company in good faith, solely to obtain a good rate of interest upon the ward's estate, the bill against the members of the company other than the guardian was demurrable for want of equity ; and, the Orphans' Court having exclusive jurisdiction of the guardian's accounts, the proceeding pending thereon was a bar to the bill against the guardian.

Before Paxson, C. J., Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 463 January Term 1891, Sup. Ct.; court below, No. 2 January Term 1890, C. P. in Equity.

To the number and term of the court below, Philip J. Rau, administrator of the estate of Charles H. Small, deceased, filed a bill in equity against John H. Small; Mary F. Small and Henry Small, executors of David E. Small, deceased; George S. and Charles M. Billmeyer, administrators of Charles Billmeyer, deceased, and the Billmeyer & Small Co., a corporation, averring in substance as follows:

That in January, 1871, John H. Small, one of the above-named defendants, then the guardian of Charles H. Small, received for his said ward the sum of $24,679.43; that, soon after receiving the said money, the said John H. Small loaned by far the greater part thereof to the consolidated firm resulting from a merging of the firms of Henry Small's Sons & Co. and the Billmeyer & Small Co., doing business in York and Wrightsville, York Co., Pa., the said John H. Small being a member of said consolidated firm, having a third interest therein, and David E. Small and Charles Billmeyer, both since deceased and having respectively the legal representatives named as defendants in the bill, being the other members of the firm, and that said John H. Small had always continued to be an active member; that these loans were renewed from time to time by the said John H. Small to the said firm and succeeding corporation, until in 1881, the money was repaid to the said guardian by the Billmeyer & Small Co.; that, during the whole period of the continuance of the aforesaid loans of the money of Charles H. Small to the firm, and afterwards to the corporation, all the defendants named in the bill were well aware of all the material facts constituting the breaches of trust on the part of John H. Small, and that all of them acquiesced in the same and .participated therein, and derived benefit and profit therefrom, and were in all respects cognizant of the breaches of trust and fraud upon said Charles H. Small, and were co-participators therein; that said John H. Small filed his account as guardian on the twelfth day of November, 1883, which account was excepted to by Charles H. Small, and had never been finally settled and adjudicated, and all disputed matters therein contained were undetermined, as would

more fully appear by reference to the record of the proceedings of the Orphans' Court of York county, which record the complainant prayed leave to refer to as if fully set forth as part of the bill; that the complainant could not bring the said David E. Small or Charles Billmeyer before the court in the proceedings upon the auditing of John H. Small's guardian account in the Orphans' Court, nor the Billmeyer & Small Co., nor any of them, to ascertain how much of the profit of the consolidated firm and of the corporation he was entitled to as administrator of Charles H. Small, except by a bill in equity, and that he had need of the aid of a court of equity for the relief to which he was entitled; praying:

That the defendant be required to answer the bill of complaint; to produce books, papers and documents pertinent to the bill and the plaintiff's relief; that an examiner and master be appointed to state an account, showing the profits of the said firm and corporation during the time the plaintiff's moneys were retained and used by them; and the amount due the complainant out of said profits, and how much from each, and whether individually or in their representative capacity; for an order of payment to the plaintiff, by the persons found liable for the same, of such sums as should be found to belong to the complainant out of said profits; for discovery, and for such further relief as the plaintiff should be entitled to.

The defendants filed separate demurrers to the bill.

The demurrers of Mary F. Small and Henry Small, executors of David E. Small, deceased, George S. and Charles M. Billmeyer, administrators of Charles Billmeyer, deceased, and the Billmeyer & Small Co., were alike, to wit: That the bill showed that the plaintiff was not entitled to the discovery and relief prayed for; that it showed no matter of equity upon which the court could ground a decree for the assistance and relief of the plaintiff against the defendants, and that the bill was multifarious; praying for its dismissal, judgment, etc.

The demurrer of John H. Small, in addition to the matters set out in the demurrers of the other defendants, embraced the following ground: That the plaintiff had a full, adequate and ample remedy in the Orphans' Court of said York county, in the bill of review on the account of said John H. Small mentioned in the bill, still pending and undetermined; that the

plaintiff elected to proceed in the Orphans' Court of York county, a court of competent jurisdiction to afford full and ample equitable relief to the plaintiff by petitions and proceedings in the nature of a bill of review, and that the defendant ought not to be harassed by the plaintiff's bill, while the said proceedings in the Orphans' Court, begun and now carried on by the plaintiff, were pending, undetermined and unadjudicated.

It appeared that the facts of the case were admittedly the same as those involved in Small's Estate, ante 293, except that Charles H. Small, the plaintiff's intestate in the present case, being an elder brother of J. Etter Small, the account of John H. Small, as his guardian, was presented and confirmed, and a settlement made with the plaintiff without notice of the fact that the ward's moneys had been used in the business of the firms and corporation with which the guardian was connected; and that, this fact becoming known, the plaintiff applied to the Orphans' Court for a bill of review of the account, which was granted, and the account was open for further proceedings, and remained pending and undetermined when this bill was filed.

Argument having been had on the demurrers, the court, BITTENGER, J., on February 2, 1891, filed an opinion in part as follows:

It is not charged by the plaintiff that the profits made on the moneys of the ward loaned to and used by the firm and corporation exceeded six per cent, except that the defendants derive profit therefrom; neither is it stated in the bill that the plaintiff elects to refuse legal interest on his moneys, and claims, in lieu thereof, his proportion of any profits made by the respondents. It is alleged that the Orphans' Court of York county, in the audit of the account of John H. Small, guardian of J. Etter Small, whose moneys were similarly loaned to the firm and corporation, has decided that the loans made by the said guardian to the firm and corporation were breaches of trust, and that the ward is entitled to be regarded as a partner thereof, and to receive his proportionate share of the profits of the said firm and corporation; and the plaintiff craves leave to refer to the record of the said last recited proceedings and audit, as if fully set forth as part of the bill.

The purpose of the plaintiff is, first, to discover what profits were realized on his moneys by the defendants, and second, to recover from them said profits.

In considering this case, we must take the bill as proven. We may except from this rule that part of the bill which, by reference to the records of the Orphans' Court of York county and the audit on the J. Etter Small account, shows an erroneous recital of said record. By reference to the testimony (part of said record), it appears that John H. Small made said loan to the firm and corporation because he knew it was perfectly safe, and for the purpose of making six per cent on the fund for his brother's children; that the borrowers frequently wanted Mr. Small to take it back, and only kept it at the guardian's solicitation; that the firm and corporation did not lack capital at any time for their business ; that John H. Small made said loan for the benefit and advantage of his wards, and not for his own profit and advantage; and the auditor finds these as facts.

The decree of the court, in the same proceeding, referred to by the plaintiff and made part of the bill, does not show that the decree was made, as recited in the bill, to wit, that said ward " might at his option insist that said moneys, so loaned, should be treated as an investment of his, the ward's, money in said firm and in the said corporation, entitling the said ward to a proportionate share of the profits of the said firm and corporation, as if the ward had been in fact a partner in said firm, and a stockholder in said corporation." The late Judge Gibson, in said opinion, on the other hand, uses the following language : " The portion of the profits earned by the ward's capital was actually divided between the partners and afterwards the stockholders, in certain proportions. In the firm, John H. Small received one third; in the corporation he received one hundred and seventy-one six hundredths ; this proportion remaining the same after the increase of the capital stock in 1886. That part of the ward's profits received by the other partners or stockholders cannot be followed, nor can the guardian be made to account for them : Seguin's App., supra. Of that portion of the ward's profits received by the guardian, one third should be allowed to him for his labor and services; and the remaining two thirds are due to his ward." See

Opinion of Court below.

opinion in Small's Est., 24 W. N. 96.    It thus appears that all
that was decided by the learned judge was, that the ward might
receive from his guardian two thirds of the profits received by
said guardian on his moneys loaned to the firm and corporation,
instead of interest, if he should so elect.    The opinion is
clearly against the right of the ward to· recover the profits
made on his moneys by the other members of the firm and
corporation, either from them or John H. Small, the guardian.

In the light of the proven facts of the case, and the findings
of the auditor, it is doubtful whether the court should have
held the cases of Seguin's App., 103 Pa. 139, and Robinett's
App., 36 Pa. 174, applicable, and decreed that the guardian
was liable for profits, instead of interest, with triennial rests
as charged in the account.    In the J. Etter Small audit and
proceedings, also before us on exceptions to the auditor's re-
port, out of respect for the learning and ability of Judge Gib-
son, we declined to impeach or disregard this decree of the
court.

—Citing Story's Eq. Pl., § 530, n. 5, § 533, and Gaines v.
Chew, 2 How. 619, the court held that the bill was not bad as
being multifarious ; and, citing Story's Eq. Pl., §§ 486, 487,
488, 490 ; Shollenberger's App., 21 Pa. 340 ; Commonwealth
v. Raser, 62 Pa. 439 ; Lewis v. Browning, 111 Pa. 506 ; Peoples'
Bank's App., 93 Pa. 110, the opinion proceeded :

The plaintiff, having invoked the powers of the Orphans'
Court as the proper court having jurisdiction in the settlement
of the guardian's account, and proceeded to the extent set
forth in the bill, and the counsel having stated, on the argu-
ment of the J. Etter Small account and audit before Judge
Gibson, that the settlement of the· estate of the other ward,
Charles H. Small, deceased, waited the final decree in the es-
tate of J. Etter Small, cannot harass John H. Small, the
guardian, by this bill in equity, compelling him to defend in a
multiplicity of suits.    Under the decisions we have cited, inas-
much as the ward has a complete and adequate remedy in the
Orphans' Court, where jurisdiction has legally attached, to com-
pel discovery and account, and enforce payment of whatever
may be legally decreed to be payable to him by the guardian,
we feel constrained to sustain the demurrer of John H. Small.

Can the bill be maintained against the other defendants ?

The deceased partners are charged with having had knowledge of the "breach of trust" and with having participated with the guardian in the wrongful use of the trust fund, and in the division and appropriation of the profits; and this, notwithstanding the fact that it is apparent in the bill, that they only continued to keep the moneys as a loan, which Jacob Small, the father of the wards, loaned to them in his lifetime and which they owed him at his death, the guardian only adding to the loan made by Jacob Small to them, because it was safe and he wanted to get six per cent interest for his ward's money; and the complaint is against them as joint tort-feasors.

The English cases make a distinction between the use of trust money by a trustee in a firm, with a knowledge of a breach of the trust by the members of the firm, they sharing in the profits, and a loan by the guardian or trustee to the firm, of trust moneys, the other members of the firm having a knowledge of the character of the moneys. In the former case, the members of the firm, with the trustee, are liable to account for the profits; in the latter case, that of a mere loan to the firm, they are not liable for the profits made on the trust funds. Flockton v. Bunning, 8 Ch. 323, note, cited by 2 Lindley on Part., 531, is a case of the former kind; and Vyse v. Foster, 8 Ch. 309, cited in the same text book on page 535, is the case of a loan where the partnership paid interest annually to all persons interested in the estate of a deceased partner, and all persons beneficially interested in his estate, except the plaintiff in the bill, acquiesced in this arrangement. In this latter case, the bill in equity against the executors was sustained by the court, but the Court of Appeals reversed the decision, holding that the plaintiff was only entitled to interest on her share. "Persons who borrow trust money from executors or trustees are only liable to repay it with interest; and, although the lenders may have no authority to lend the money, the borrowers are not liable to account for the profits which they may have realized from its employment:" 1 Lindley on Part., 162.

No case arising in this state or in the United States has been cited to us, nor do we know of any, in which the members of a firm, other than the trustee, have been held accountable for profits on a loan of trust funds to a firm or corporation. The case of Guillou v. Peterson, 89 Pa. 163, was the use of an es-

tate's securities, United States treasury notes, used by the executor and his partner for the purpose of raising money for the business, and, afterwards, their conversion by said firm. It was an action of assumpsit. Justice PAXSON delivered the opinion of the court, May 7, 1879. In this opinion the distinction is made between the misapplication of the assets of an estate, and a loan. The court, on page 169, uses this language: "It was a misapplication to use the assets of the estate, to use the polite and moderate term in general use to express a breach of trust. In the language of the law and of common honesty, it was embezzlement. It was not the case of a loan of unemployed funds by an executor to his firm for the purpose of gaining interest for his cestui que trustent, but the loan of interest-bearing securities to enable the firm to carry on its operations." "That portion of the ward's profits received by the other partners cannot be followed, nor can the guardian be made to account for them: Seguin's Appeal, supra:" Small's Est., 24 W. N. 96.

And now, February 2, 1891, the separate demurrers of the defendants having been argued and considered, the demurrers are sustained, and the bill of the plaintiff is dismissed.

—Thereupon, the plaintiff took this appeal, specifying that the court erred: 1. In sustaining the demurrer of John H. Small, that the court had no jurisdiction. 2. In sustaining the demurrers of all the defendants, for want of equity. 3. In dismissing the plaintiff's bill.

*Mr. N. Dubois Miller* (with him *Mr. Russell Duane, Mr. Levi Maish* and *Mr. George W. Biddle*), for the appellant.

That the plaintiff was entitled to an account from the co-partners of John H. Small, counsel cited: Robinson v. Robinson, 9 Eng. L. & Eq. 75; Hill on Trustees, *164, *172; Perry on Trusts, ed. 1889, §§ 196, 217, 238, 245; Oliver v. Piatt, 3 How. 333; Bennett v. Austin, 81 N. Y. 308; Parsons on Part., §§ 40, 41; Guillou v. Peterson, 89 Pa. 163; Ex parte Reynolds, 5 Ves. 707; Fox v. Mackreth, 2 Br. C. C. 400; Moody v. Vandyke, 4 Binn. 43. That the plaintiff was entitled to recover against John H. Small in this suit: Gould v. Hayes, 19 Ala. 438; Ahlefelder v. Levy, 9 Cal. 907; Willard's App., 65 Pa. 267.

Syllabus.

*Mr. W. F. Bay Stewart, Mr. Henry C. Niles, Mr. George E. Neff* and *Mr. A. C. Fulton,* for the appellees, were not heard.

PER CURIAM:

The decree is affirmed, and the appeal dismissed at the costs of the appellant.

---

## J. N. LOGAN v. SUSAN EVA ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 22, 1891—Decided October 5, 1891.

[To be reported.]

1. In ejectment by the sheriff's vendee of the legal title, against the person as whose property the land was sold, and the wife of the latter, the wife set up an equitable title in herself by a resulting trust. The only witnesses to prove the trust were the two defendants. Their testimony being sufficient, if believed, to establish the trust, it was properly submitted to the jury, although contradicted.

2. It is well settled that a purchaser of land is unaffected by a secret trust or equity unknown to him, and that he may pass title, untrammeled by the trust, to a person who has notice of it. A mortgagee is regarded in the law as such a purchaser, and he is protected from all secret equities and trusts of which he had no notice.

3. When a mortgagee of the legal title has taken the mortgage without notice of a resulting trust, a purchaser at a sheriff's sale on the mortgage will be protected by the mortgagee's want of notice, even though such purchaser was a surety on the bond secured by the mortgage, and cognizant at the time it was given of the facts raising the trust.

4. If a purchaser without notice could pass his title only to persons ignorant of the trust, the market value of his property would be depreciated and his enjoyment of it impaired by the restriction. Hence, his vendee's knowledge is not in the way of the transmission of the title unimpaired by the trust: Per Mr. Justice McCOLLUM.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 4 July Term 1891, Sup. Ct.; court below, No. 40 April Term 1890, C. P.