206
215

# Svenson, Appellant, *v.* Rohrer.

*Deed—Reconveyance—Time—Agreement as to time—Time as essence of contract.*

Where an agreement on its face shows that it was for a reconveyance of property originally conveyed as security for the payment of money, and the agreement specifies a time for the reconveyance, but the parties subsequently agree upon another and later time, the date then fixed becomes of the essence of the agreement, and if the party desiring the reconveyance does not tender the money on the date, and does not file a bill for a reconveyance until four months thereafter, the bill will be dismissed.

Argued May 19, 1903. Appeal, No. 103, Jan. T., 1903; by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 4, page 19, dismissing bill in equity in case of Mary C. Svenson v. Howard Rohrer. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for reconveyance of real estate.

LANDIS, P. J., found facts as follows:

### FINDINGS OF FACT

The plaintiff resides in the county of Lancaster, and the defendant in the city of Lancaster, and both of them have there resided for a number of years. The plaintiff was the owner of a tract of land, situated in Providence township, containing thirty-four acres and ninety-seven perches, and upon it is erected a tavern property, which is licensed to sell liquor by the court of quarter sessions. She obtained her title through a purchase at sheriff's sale, held on January 18, 1902, and her deed is dated January 31, 1902. The consideration named therein is $1,400. The said property belonged to the estate of Frederick Schmook, deceased, and it was sold under a judgment to October term, 1901, No. 51, in which Mary C. Markley was the plaintiff, and Frederick W. Schmook, Gertrude Schmook, Mary Svenson, George A. Schmook and Henry Schmook were the defendants. Simultaneously with her deed being executed and delivered, she conveyed the property to Howard Rohrer, and he then immediately executed the following paper:

" January 31, 1902.

" I, Howard Rohrer, hereby agree to convey to Mary C. Svenson the property this day convey by her to me. I am to convey the same to her on April 1, 1902, on payment to me of the sum of fifteen hundred and three dollars by said Mary C. Svenson.

                              " HOWARD ROHRER."

" Witness: A. B. HASSLER.

Mrs. Svenson, at the same time, paid $14.00 as interest on the money to April 1, 1902.

When this paper was executed, Mrs. Svenson admits it was read to her, and she fully knew its contents; but she now relies upon another agreement, whereby Rohrer agreed to wait another year, if she did not have the money on April 1, 1902. This latter agreement, she says, was first made in the morning before the signing of the written agreement. There is no testimony on the part of any one but herself concerning it. It was also mentioned and agreed upon, according to the testimony of herself, and that of B. F. Rowe, in the afternoon, after the deed and written agreement were executed and delivered. As Rohrer denies that any agreement, except the written one, was ever entered into, it is oath against oath, so far as the alleged morning agreement is concerned, and, therefore, the writing must govern; and, as to the alleged agreement made in the afternoon, after the deed and written agreement were signed and delivered, it is wholly without consideration, and, therefore, unsupportable. We, therefore, find as a fact that the written agreement, signed by Howard Rohrer, and delivered to Mrs. Svenson, was the true agreement of the parties, and by it they must each stand or fall: School Furniture Co. v. Warsaw School District, 130 Pa. 76.

Mrs. Svenson had purchased this property at sheriff's sale for $1,400, and had difficulty in raising the money to pay for it. Rohrer, therefore, agreed that, if she would allow him $100 for his trouble, he would raise the money for her. This he did, and the $1,503, mentioned in the writing, was made up of $1,400, the amount of her bid at the sheriff's sale, $3.00 for the sheriff's deed, and $100, compensation for Rohrer.

Possession was never given by Rohrer to Mrs. Svenson, but

about March 17, he agreed with Rowe that he might go into the premises temporarily—no definite time being fixed—the license having been granted to Rowe. Rohrer furnished the money necessary to lift it. Mrs. Svenson was either living on the property at the time, or moved into it about April 1. She now says she leased to Rowe on February 17 ; but, as she at that time had no deed, and not even the right of possession to the property, she could not lawfully make a lease for it. When April 1 arrived, she did not pay or offer to pay the amount stipulated in the agreement, and, on April 10, Rohrer went down to see what she proposed to do about it. She asked him to hold off until the following Monday, and he agreed to do so. He waited until the next Wednesday, and then placed his deed on record. On May 9, she came to town, and, in company with Louis N. Spencer, Esq., called upon him. She had been endeavoring to negotiate a loan for the amount, and Mr. Spencer had a client, who had the money, if the security was satisfactory. She had promised to give him a mortgage on this property, and other security besides, and, from his inquiries, Mr. Spencer had concluded that it, if as represented, would be a good loan, but he made no investigations, and never definitely promised her the money. He came across, or was told of, the Rohrer deed, and it was because of this, they made their call upon Mr. Rohrer on that day. They made no tender of the money at that time, nor did they even offer to pay it, but Mr. Rohrer did not state to them that the property was his and he was going to keep it. In the month of June, however, Rohrer offered to convey the property to her, if she would pay the expenses, but this she would not agree to do.

In order to run a hotel, it was, of course, necessary to have stock. Rowe and Mrs. Svenson, therefore, came together to the liquor store kept by Mr. Rohrer and his father, and purchased liquors to the amount of about $149. He paid $15.00 on account, leaving $134 due. On August 4 another attempt was made to effect a settlement, the parties both having counsel acting for them at that time. It was agreed that, if Mrs. Svenson would pay the amount of the claim, the balance of the liquor bill and all costs incident to it, and Mr. Rohrer's attorney, so that he might not be at any expense through the transaction, he would make a deed to Mrs. Svenson. She was to

have until the following Friday to pay the money; but she never saw Rohrer afterwards, and he had no communication with her up to the time of the filing of this bill. There is no evidence before us that the defendant endeavored to sell the property to any one else before this bill was filed, except Mrs. Svenson's statement that he told her " there was a couple of fellows dickering at it, and in a couple of days " he " would get word whether they will buy it or not."

The court entered a decree dismissing the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*B. F. Davis*, for appellant.

*A. B. Hassler*, for appellee.

PER CURIAM, June 2, 1903:

The agreement between the parties as appears from its face is for a reconveyance of property conveyed by plaintiff to defendant as security for the payment of money. Under such contracts time though specified is not regarded in equity as of the essence. We pass by as unnecessary to consider in the present case, the effect of the act of 1881. But even in equity the pledgee is not bound to wait indefinitely and may call upon the pledgor to redeem in a reasonable time. What is a reasonable time may be fixed by the parties or by a court of equity. In the present case the parties agreed upon an extension of the time to a given date, and whatever their respective rights may have been previously, the date fixed then became of the essence of the agreement and plaintiff was bound by it. She did not tender the money on the date, and her bill was not filed until more than four months later. The court held that it was too late and we are not convinced that he erred in so doing.

Decree affirmed.