# King's Estate.

*Contract—Time—Essence of contract—Forfeiture.*

Although in an agreement for the payment of money time may be made material by express stipulation, yet where there has been no change in conditions which places the lender in a worse position and his loss may be measured and compensated for by the payment of interest, a forfeiture will not be allowed.

Where an agreement is for the reconveyance of property held in pledge as a security for the payment of money, time though specified is not regarded in equity as of the essence of the agreement.

*Orphans' court—Jurisdiction—Specific performance—Partition.*

The power of the orphans' court to distribute a fund in partition includes the power to decide all questions necessary for a proper distribution.

Argued March 19, 1906. Appeal, No. 387, Jan. T., 1905, by W. Creighton Owens, from decree of O. C. Phila. Co., April T., 1883, No. 596, dismissing exceptions to adjudication in Estate of Richard King, Jr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Exceptions to adjudication of HANNA, P. J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Joseph M. Smith*, for appellant.—The deed of November 9, 1904, is in reality a mortgage: Lance's App., 112 Pa. 456; Moran v. Munhall, 204 Pa. 242, and therefore contravenes the act of June 8, 1881: Sankey v. Hawley, 118 Pa. 30; Molly v. Ulrich, 133 Pa. 41; Lohrer v. Russell, 207 Pa. 105; Safe Deposit, etc., Co. v. Linton, 213 Pa. 105.

Time is always of the essence of an option : McMillan v. Philadelphia Company, 159 Pa. 142; Sylvester v. Born, 132 Pa. 467 ; Smith & Fleek's App., 69 Pa. 474; Westerman v. Means, 12 Pa. 97 ; Bodine v. Glading, 21 Pa. 50.

*J. Morris Yeakle*, for appellee.—The orphans' court had jurisdiction: Fromberger v. Greiner, 5 Wharton, 350; Johnson's

Appeal, 114 Pa. 132; Lowry's Appeal, 114 Pa. 21.`; Appeal of Miskimins, 114 Pa. 530; Dickinson's Estate, 148 Pa. 142; Hoffner's Estate, 161 Pa. 331.

The transaction is not a mortgage.

Time was not of the essence of this option : Smith & Fleek's App., 69 Pa. 474; D'Arras v. Keyser, 26 Pa. 249; Sylvester v. Born, 132 Pa. 467; Svenson v. Rohrer, 206 Pa. 407; Decamp v. Feay, 5 S. & R. 323; Summerson v. Hicks, 134 Pa. 566; Haverstick v. Gas Co., 29 Pa. 254; Townsend v. Lewis, 35 Pa. 125; Remington v. Irwin, 14 Pa. 143.

OPINION BY MR. JUSTICE FELL, April 30, 1906:

On the audit of the account of a trustee in partition in the orphans' court there were two claimants for one of the distributive shares, Thomas King, a devisee under the will of the decedent, and W. C. Owens, the appellant, to whom King had conveyed his interest in the real estate. The deed to Owens was absolute on its face, but it appeared from the testimony that the conveyance was made to secure the payment of $200 loaned by him to King. Some two months after the delivery of the deed, the parties entered into a written agreement by which Owens agreed to reconvey the estate granted on the payment by King of $800 and all expenses, commissions, counsel fees, etc., that might be paid by Owens in connection with the estate. King at the time of the agreement was indebted to Owens in the sum of $600 and $200 more were to have been advanced at that time. This sum was not advanced until some weeks afterwards. The option to purchase was to remain in force for three months only. King did not make a tender of the consideration until six months after the time fixed.

The learned auditing judge, whose adjudication was confirmed by the court, found that " All the facts show the transaction was merely that of a loan of money and the assignment or deed of conveyance simply a security for the money advanced and was to become absolute only if the assignor or vendor failed to pay the amount of his debt within three .months. There was nothing to show that the time fixed was made of the essence of the contract and the lender of the money can be fully compensated at any time by the payment of his loan with

interest and expenses." He awarded to King the amount of his share, less the amount due Owens with interest and costs.

In support of the assignments of error it is argued (1) that the orphans' court was without jurisdiction to decide the controversy; (2) that the deed being absolute on its face could not be reduced to a mortgage because of the Act of June 8, 1881, P. L. 84; (3) that the agreement to reconvey was void because of the failure to tender the price within the time limited. The orphans' court would not have had original jurisdiction to decree specific performance of the agreement to reconvey, but it had jurisdiction of the proceeding by which the fund was created and exclusive jurisdiction of all matters relating to the distribution of this fund. The power to distribute includes the power to decide all questions necessary to a proper distribution: Dundas's Estate, 73 Pa. 474; McGettrick's Appeal, 98 Pa. 9; Dickinson's Estate, 148 Pa. 142. In McGettrick's Appeal, supra, it was decided that the orphans' court in a proceeding to distribute the proceeds of the sale of the real estate of a decedent among his heirs had the power to determine the validity of a deed by which the share of one of the heirs was conveyed to a stranger.

It is true that the deed from King to Owens could not be reduced to a mortgage, there having been no compliance with the act of 1881 as to the defeasance. This was distinctly ruled by the learned judge, who based his decision on the agreement to reconvey, holding that it was in force between the parties. This was clearly right. It would be grossly inequitable to hold King to a strict compliance with its terms. It was never intended that an absolute title should vest in Owens. He held the title as security only and had no equity to demand more than the return of the money loaned with interest. Although in an agreement for the payment of money time may be made material by express stipulation, yet where there has been no change in condition which places the lender in a worse position and his loss may be measured and compensated for by the payment of interest, a forfeiture will not be allowed: Remington v. Irwin, 14 Pa. 143. Where an agreement is for the reconveyance of property held in pledge as a security for the payment of money, time though

specified is not regarded in equity as of the essence of the agreement: Svenson v. Rohrer, 206 Pa. 407.

The decree of the orphans' court is affirmed at the cost of the appellant.