# Carney, Appellant, *v.* Merchants' Union Trust Company.

*Courts—Decedents' estates—Jurisdiction, C. P.—Jurisdiction, O. C.—Lis pendens.*

1. The authority of the Orphans' Court is ample not only to ascertain the amount of the estate of a decedent and order its dis-

382 CARNEY, Appellant, v. MERCHANTS' UNION TR. CO.

tribution but to determine all questions arising out of alleged defaults of his personal representative and to enforce its conclusion by an appropriate decree. The court has all the means of enforcing the decree possessed by courts of equity and of law.

2. In a suit in equity brought in the Common Pleas Court to compel the executor of a decedent's estate and the wife of decedent to pay over to a trustee for the use of the estate, a fund realized from the sale of certain land situated in Florida, for which it was alleged the executor had failed to account and where it appeared that plaintiffs had previously elected to submit their claim to the Orphans' Court, that the proceedings therein were still pending and that the Orphans' Court had full power to afford plaintiffs adequate relief, the lower court did not err in deciding that plaintiffs were precluded by their action in the Orphans' Court, from seeking the same relief in the Common Pleas and properly dismissed the bill.

Argued Jan. 13, 1916. Appeal, No. 414, Jan. T., 1915, by plaintiffs, from decree of C. P. No. 4, Philadelphia Co., Dec. T., 1912, No. 2036, in equity, dismissing bill in equity for an accounting, in case of Earl Arthur Carney, Stanley Arnt Carney, Charles Aschenbach, William Aschenbach, Daniel Herzog, Amy L. Aschenbach, Mabel Stella Aschenbach and Emerson Aschenbach v. Merchants' Union Trust Company, Trustees of the First Methodist Church of Asbury Park; St. Paul's Methodist Episcopal Church of Ocean Grove; Methodist Episcopal Hospital; Trustees of the Nazarene Home for the Aged; Richard W. Sutcliffe, as Executor under the Will of Charles Herzog, deceased, and in his own right; Clara Herzog, Trust Company of Easton. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an accounting. Before CARR, J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*E. Spencer Miller,* with him *Alfred H. High,* for appellants.

*Louis Barcroft Runk* filed a paper book and argued as amicus curiæ by leave of court.

No paper book or appearance for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

Charles Herzog died testate in March, 1911, domiciled in Duval County, Florida, and seized of certain real estate in that county on which he had given an option to purchase at $12,000. Letters testamentary on his estate were granted to Richard W. Sutcliffe in Philadelphia County, this State, and in Duval County, Florida. The assignee of the optionees exercised the option to purchase the real estate, and by deed dated January 19, 1912, in which the consideration was stated to be $12,-000, the executor, a defendant in this proceeding, conveyed the property to the purchasers. By a deed of the same date, containing a clause of special warranty and stating the consideration to be $10 and other good and valuable consideration, Mrs. Herzog, the widow and a defendant here, also conveyed the property to the purchasers. Under the advice of counsel that, by the law of Florida, Herzog's will was revoked by his subsequent marriage to Mrs. Herzog and that she was, therefore, the owner of the land, the purchase-price of the real estate was paid to her. In a proceeding instituted by her, the Supreme Court of Florida, however, subsequently held this to be an erroneous view of the law, and that Mrs. Herzog had only a dower interest in the land.

In September, 1912, Sutcliffe filed his account as executor with the register of Philadelphia County, and an adjudication was filed October 10, 1912, by the Orphans' Court. The legatees, the plaintiffs in this proceeding, were represented by counsel at the adjudica-

tion and asked that Sutcliffe be surcharged with the $12,000, the proceeds of the sale of testator's land in Florida. The auditing judge thought the claim to surcharge was at least premature before an accounting for the testator's assets in Florida, the place of his domicile. The judge declined to act on the suggestion of the legatees that he order the accountant, to whom letters were also granted in Florida, to file an account in that state, on the ground that the Florida court was the proper court to compel such an accounting. The judge held, however, that if it was the duty of the accountant to bring the assets in Florida into distribution here, and if after a reasonable time he did not do so, a petition to the Orphans' Court of Philadelphia County for his removal or for an order to enter security would seem to be the proper course. The claim of the legatees to have the accountant surcharged was at that time refused without prejudice to their right to proceed in accordance with the auditing judge's suggestion. They excepted to the adjudication because the judge refused to surcharge the executor with the purchase-price of the Florida real estate, and the exceptions are still pending and undisposed of in the Orphans' Court.

Subsequently, on the application to the Orphans' Court by one of the legatees, the executor was cited to show cause why he should not be dismissed from his office or be required to enter security for the faithful performance of the trust. An examiner was appointed who reported the facts, but the proceeding remains undisposed of.

This bill was filed in the Common Pleas and avers a fraudulent combination between Sutcliffe and Mrs. Herzog to enable her to divert and appropriate the purchase-price of the Florida real estate, and prays that she may be decreed to have received the purchase-money, as a trustee ex maleficio for the legatees, the complainants in this suit, and that she and the executor be ordered to repay the money to a trustee for Herzog's estate. The learned auditing judge found that the evi-

dence failed to sustain the averments of fraud contained in the bill, that the record did not disclose fraud, actual or constructive, in the execution of the deeds of January 19, 1912, and that all the parties, both sellers and buyers, believed that Mrs. Herzog's claim to the property was well founded. He, therefore, held that the jurisdiction was in the proper Orphans' Court of this State or Florida, and dismissed the bill.

We need not consider the questions raised by the several assignments of error in view of the facts found, on sufficient evidence, by the court below, as we are of opinion that the Orphans' Court had jurisdiction, and as the complainants have presented their claim of surcharge against the executor at the adjudication of his account in the Orphans' Court, and that the proceeding is still pending and undisposed of, they are confined to that forum in the enforcement of the claim. There can be no question of the jurisdiction of the Orphans' Court. Its authority is ample, not only to ascertain the amount of the estate of a decedent and order its distribution, but to determine all questions arising out of alleged defaults of his personal representative, and to enforce its conclusion by an appropriate decree. The court has all the means of enforcing the decree possessed by courts of equity and of law: Mussleman's App., 65 Pa. 480, 489. It clearly has the authority to determine whether an executor has fully accounted for the assets of the estate, and to surcharge him to the extent he has failed to do so. This is one of the well settled jurisdictional powers of an Orphans' Court in this State.

When, therefore, the legatees, the complainants here, went into the Orphans' Court of Philadelphia County and sought to surcharge the executor with assets in this jurisdiction not accounted for, they were in a tribunal which had authority to adjudicate the question and were required to pursue their remedies in that court. "This equitable jurisdiction (of the Orphans' Court) having attached," says the court in Odd Fellows Savings Bank's

App., 123 Pa. 356, 365, "it was sufficient to embrace every relief necessary for a full disposition of the case. When a cause is once within the grasp of a court of equity, or a court lawfully exercising equity powers, it has no need to call in the aid of a court of law. Its process is plastic, and its power is only limited by the necessities of the case, and by its duty to administer equity in accordance with established rules. In such case it needs no other court to finish its work." The auditing judge of the Orphans' Court has made his decision, but the case is still pending on exceptions filed by the legatees, and no decree has been entered by the court. The proceeding in the Orphans' Court to dismiss the executor or compel him to give security is also undisposed of. In this condition of the record in those cases, and under the facts found by the learned court below, we think this bill should not be sustained. Conceding that the legatees might seek relief in either a court of equity or the Orphans' Court, they elected to submit their complaint to the latter court and thereby voluntarily brought themselves and their cause within the jurisdiction of the court which, as already pointed out, had ample power to grant the relief they sought. The learned auditing judge has not closed the door against the legatees, but has indicated what he deems the proper practice in that court to afford them adequate relief under the circumstances. We see no difficulty in complying with the learned judge's suggestion, and as the proceedings in the Orphans' Court are still pending and awaiting final action by the court, the appellants, if they desire, need not be delayed in obtaining the relief they seek. As we are not reviewing the proceedings in the Orphans' Court, we express no opinion as to the conclusion of the auditing judge of that court, and could not do so until a final decree is entered by the court and the matter had been properly brought before us.

The decree of the court below is affirmed without prejudice to the plaintiffs to proceed for relief in the proper form.