## Barbey's Estate

*Randolph Stauffer, Robert T. McCracken,* and *Bertolet & Bertolet,* for petitioners.

*Everett H. Brown, Jr.,* and *Stevens & Lee,* for respondents.

MARX, P. J., December 7, 1940.—This matter comes before our court on petition and answer. The answer includes (1) a challenge of the jurisdiction of this court; (2) a denial of petitioners' present right to the relief sought; (3) an answer to the substance of the petition.

Petitioners are the four daughters of decedent, residuary beneficiaries under his will, and respondents are the executors of his will, two in number, to wit: The Reading Trust Company and John Edward Barbey, son of decedent and residuary beneficiary under his will.

Decedent died on December 21, 1939, leaving a last will, dated May 19, 1934, which was admitted to probate on December 27, 1939, and under which letters testamentary were granted to the aforesaid executors. The executors, on June 5, 1940, filed an inventory and appraisement of the personal assets of decedent, showing a total valuation of $632,435.59. Petitioners, seeking a correction of what they term an erroneous or incomplete inventory and appraisement, say they are "informed, believe and therefore aver that shortly prior to his death decedent owned 4,989 shares of the common capital stock of Vanity Fair Silk Mills, of a total issue of common stock of 6,000 shares; and that he also owned 1,998 shares of the common capital stock of Barbey's, Inc., of a total issue of 2,000 shares". They note that the executors, in the aforesaid inventory and appraisement, included no shares of Vanity Fair Silk Mills common stock and only four shares of Barbey's, Inc., common stock.

They further charge that the inventory and appraisement "does not contain a complete record of advancements made by the said John Barbey during his lifetime to the several beneficiaries named in his said will." They recite that under the fourth item of the will testator asserted having made sundry loans to his children and advancements against their respective interests in his estate, and expressed the intention to make further loans and advancements against those interests or against the interests of his grandchildren. He stated that certain of his children "have been and may hereafter be or become indebted" to him by reason of transactions with him, and directed that "all loans and advancements and any and all indebtedness of my children and of my grandchildren

to me of whatsoever nature and howsoever contracted, and whether evidenced by note or otherwise, shall by my executors be charged against each one of the beneficiaries to whom such loans or advancements have been made, or who may be indebted to me at the time of my death, and such loans, advancements and indebtedness, together with interest upon such indebtedness shall be deducted from the share of my estate hereinbefore given to my said children or grandchildren or for their benefit respectively." The further provisions in this respect, stipulated in the aforesaid testamentary item, need not be here recited or considered.

In the light of this testamentary provision petitioners charge that the inventory and appraisement does not contain a complete record of advancements made by decedent during his lifetime to the several beneficiaries named in his said will. They aver the belief that decedent, prior to his death, "made large advancements to John Edward Barbey, his son and one of the executors, which should, under the provisions of his will, be charged against the interest of the said John Edward Barbey in his said estate."

Petitioners aver that decedent kept full and complete records and books of account of his financial and investment transactions, which books are in the possession of the said respondents, and which books and records show his ownership of the said stocks hereinabove mentioned, and contain a record of the advancements made to his beneficiaries.

In answer to the prayer of the petition a citation issued, directed to the executors, who are also testamentary trustees, of decedent, to show cause why petitioners "should not be given access by themselves, or by their counsel, or by a certified public accountant of their choosing, to any and all books of account, papers, and other records, of the said John Barbey, and of his estate, for the purpose of inspection and audit, at such reasonable time and place as the court may fix."

Under their answer, filed October 18, 1940, respondents moved the dismissal of the petition and citation. They stipulated the following grounds:

1. This court lacks the power to grant the relief prayed.

2. Petitioners are not entitled to the relief prayed for at the present time.

3. No proceeding pends in this court, to which the petition and the relief prayed are ancillary.

4. The relief sought does not pertain to any error or omission specifically charged in the petition, but is entirely general in its nature and amounts, in substance, to what is termed a "fishing expedition."

5. The information sought relative to the specific shares of capital stock is presently available to petitioners, they, individually, being shareholders in the two corporations named.

In their answer to the facts averred in the petition respondents say, inter alia:

1. That decedent, owner of 4,989 shares of the common stock of Vanity Fair Silk Mills and 1,998 shares of the common stock of Barbey's, Inc., disposed, in whole or in part, of said holdings, as follows: On January 19, 1929, he transferred to John Edward Barbey, 2,043 shares of the former stock, "for good and sufficient consideration"; and thereafter, until May 1, 1934, remained the owner of 2,946 shares of said stock. On May 1, 1934, decedent became the owner of 30 additional shares of that stock, bringing his ownership to 2,976 shares. On January 26, 1935, decedent transferred 30 of those shares to John Edward Barbey, by gift; and on January 25, 1935, transferred and delivered 2,946 of said shares to said John Edward Barbey, under transferee's election to buy the same under the terms of a written option granted on August 26, 1933. For this transfer John Edward Barbey executed and delivered to decedent his promissory note in the sum of $147,300, which note remained in the possession of decedent at the time of his

death, was dated January 25, 1937, payable one year after date, without interest, and is included in the inventory and appraisement filed.

2. On August 30, 1933, decedent owned 1,379 shares of the common stock, class A, of Barbey's, Inc., and on that day transferred and delivered thereof as follows: To Ida B. Lewis, petitioner, 275 shares; to Katharine B. Thomas, petitioner, 275 shares; to Mary B. Eckert, petitioner, 275 shares; to Beatrice B. McCauley, petitioner, 275 shares; to The Reading Trust Company in trust for John B. Hoff, 137½ shares, and to The Reading Trust Company in trust for Rosemary B. Hoff, 137½ shares. Decedent thus retained and owned at the time of his death four shares of said class A stock. The decedent also owned 621 shares of the common stock, class B, of said Barbey's Inc., and on August 30, 1933, transferred, by gift, 311 shares thereof to John Edward Barbey; and on January 13, 1934, transferred by gift, to John Edward Barbey, 310 shares of that issue, and thereafter owned no shares thereof.

The jurisdiction and powers of the orphans' courts are defined by statute and, as presently limited, include "The control, removal, and discharge of executors . . . and the settlement of their accounts": Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9 (d) ; and the "power to compel the production of any books, papers or other documents necessary to a just decision of the question before them": sec. 20 (c). Within their statutory jurisdictional limits they exercise the powers of a court of equity and simulate equitable pleadings and practice: Willard's Appeal, 65 Pa. 265; Douglas' Estate, 303 Pa. 227, 232.

"When a cause is once within the grasp of a court of equity, or a court lawfully exercising equity powers, it has no need to call in the aid of a court of law. Its process is plastic, and its power is only limited by the necessities of the case, and by its duty to administer equity in accordance with established rules. In such case it needs no

other court to finish its work": Odd Fellows Savings Bank's Appeal, 123 Pa. 356, 365; Carney v. Merchants' Union Trust Co., 252 Pa. 381, 386; Slagle's Estate, 335 Pa. 552.

The prayer here is for discovery and relief. The estate is in process of settlement, and the executors have filed an inventory and appraisement. From the time of probate and acceptance of the trust by the executors, the estate and the fiduciaries are within the jurisdiction of this court. The matter pending is administration. There were no formal exceptions to the inventory filed and the law does not specifically provide for exceptions. The courts have, however, sanctioned exceptions and have reviewed upon them: Leathery's Estate, 38 York 93; Morgan's Estate, 11 Erie 228; Antolik's Estate, 19 Erie 279. In Morgan's Estate, supra, and Gilkinson's Estate, 3 Erie 276, petitions were entertained for correction of the inventories filed. In the last-cited case, omission of specific assets was charged. A citation for amendment issued. Respondents answered, claiming the assets individually. Under authority of Cutler's Estate, 225 Pa. 167, an issue to try and determine ownership was directed.

In relation to the specific averments of this petition, we find specific denials in the answer. It follows that we must accept as true the pertinent facts so set forth in the answer: Hober's Estate, 118 Pa. Superior Ct. 209; Di Trolio et al. v. Parisi et al., 317 Pa. 507. The answer sets up record transfers, by sale or gift, of the corporate shares, in testator's lifetime. So concluding, title of the respective alienees must be tried, if at all, in the court of common pleas. The pleadings present no other issue in respect to those items.

The remaining charges are general. They relate to the testamentary assertion of loans and advancements, made and to be made, contained in the fourth item of the will. The petitioners say (par. 6): "The inventory and appraisement does not contain a complete record of advancements made by the said John Barbey during his lifetime to the several beneficiaries named in his said will." In

paragraph 7 they say: "Petitioners believe and aver that the said John Barbey, prior to his death, made large advancements to John Edward Barbey, his son and one of his executors, which should, under the provisions of said will, be charged against the interest of the said John Edward Barbey in his said estate, in accordance with the fourth paragraph of the said will . . ." The inventory and appraisements include "no advancements to the said John Edward Barbey . . ." Intimating, though not expressing the belief, that books, records, and papers of decedent, in the custody or control of respondents, disclose such loans and advancements, petitioners seek access thereto.

Respondents, by their answer, "deny that the inventory and appraisement does not contain a complete record of advancements made by the said John Barbey during his lifetime to the several beneficiaries named in his said will. Respondents aver that said inventory and appraisement contains a complete record of all the advancements made by the said John Barbey to the several beneficiaries named in his said will, insofar as said advancements are known to them or were discoverable from information available to them, including the books of account, papers, and other records of said John Barbey." They specifically deny (par. 7) "that said John Barbey, prior to his death, made large advancements or any advancements whatsoever to said John Edward Barbey, his son and one of his executors." The answer sets forth no new matter requiring a replication, and is as specific as required in the denial of the petition's allegations. The matter may, accordingly, be tried on petition and answer. Our laws seek orderly administration and accounting, without undue interference. The relief sought, if resting wholly or in part on an allegation of fraud or hazard, would be of right. Here it is of grace. What is sought could be determined on the audit of the executors' account. We see no harm in a present determination. The matter will, accordingly, be set for hearing on the petition and answer filed, on December 20, 1940, at 10 a.m.