Freihofer Estate.

Argued May 31, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused August 7, 1961.

*W. Hamlin Neely*, with him *Snyder, Wert, Wilcox, Frederick & Doll*, for appellant.

*William H. S. Wells*, with him *Fairfax Leary, Jr.*, and *Saul, Ewing, Remick & Saul*, and *High, Schwartz, Roberts & Seidel*, for appellee.

OPINION BY MR. JUSTICE BELL, July 17, 1961:

A very narrow question is presented. Did the Orphans' Court have jurisdiction of a petition to ter-

minate a voting trust which was illegally entered into by an executrix-testamentary trustee?

Stanley H. Freihofer died July 31, 1941, leaving a last will* which was probated August 7, 1941. The widow is the sole beneficiary of income as well as the present sole executor, sole trustee and the present petitioner.

Freihofer gave all his shares of stock in the William Freihofer Baking Company in trust to pay the net income to his wife with power of appointment of principal to and among their issue who survived his wife, and in default of appointment to their issue per stirpes who were living at her death. The will also contained a provision authorizing, the payment to his wife—if the net annual income is less than $6000 in any year—out of principal any balance necessary to make up any deficit under $6000. The will also contained a spendthrift trust clause covering both income and principal.

Freihofer's widow, Hazel, married Ross D. Miller who at the present time is president of the Freihofer Baking Company and the voting trustee of the hereinafter mentioned voting trust. On March 22, 1946, Mrs. Miller, as executrix, and on March 22, 1956, Mrs. Miller, as testamentary trustee, entered into a 10 year voting trust agreement which included the Freihofer Estate's holdings of 10,698 shares of the Freihofer Baking Company and 1605 additional shares owned by another person or persons. This was done without the knowledge or approval of the Orphans' Court and was unauthorized and illegal.

In 1947 an executors' account was filed in the Orphans' Court. It showed, erroneously and falsely, that the Estate had assets of 10,698 shares of stock of the Freihofer Baking Company, whereas in fact it held 10,698 voting trust certificates. For reasons unknown

---

* Date undisclosed.

to the lower Court or to this Court, the above mentioned was not audited until May 9, 1958. The account was confirmed and the said shares of stock—not the voting trust certificates—were awarded to the testamentary trustee (the present petitioner). .

No dividends have been paid by the Company for over a year and testator's widow has been deprived of both the income and the principal which testator bequeathed to her. She is now divorced from Miller and they are obviously at odds.

Executrix presented the present petition alleging the aforesaid facts and asserting that she was being unlawfully deprived of the rights and benefits which testator gave her, that the testator's intention and will were being unlawfully nullified and that the interests of all the remaindermen were being jeopardized. Petitioner then prayed that the voting trust be terminated, but strange to say, did not ask for an Order directing a redelivery of the stock, nor even for general equitable relief. The lower Court sustained preliminary objections on the ground that it lacked jurisdiction to terminate a voting trust. Mrs. Miller in her capacity as executrix, as testamentary trustee, and as sole income beneficiary took this appeal.

The jurisdiction of the Orphans' Court is statutory: *Henderson Estate,* 395 Pa. 215, 149 A. 2d 892; *Rogan Estate,* 394 Pa. 137, 145 A. 2d 530; *Way Estate,* 379 Pa. 421, 109 A. 2d 164. The Orphans' Court has exclusive jurisdiction of decedents' estates, of testamentary fiduciaries and their control, removal, discharge and surcharge and, of course, their administration and their accounts, and also of certain enumerated inter vivos trusts and, under certain circumstances, the title to personal property. In *Henderson Estate,* 395 Pa., supra, the Court held that the Orphans' Court had jurisdiction of life insurance policies which were

in decedent's possession at the time of his death, and pertinently said (pages 229, 230) : "The Orphans' Court Act of [August 10,] 1951*, as amended, provides in Article III : 'Jurisdiction. The Orphans' Court shall have exclusive jurisdiction of (1) Decedents' estates . . . (2) Testamentary trusts . . . (3) Inter vivos trusts. The administration and distribution of real and personal property of inter vivos trusts whether created before or after the effective date of this act. . . .'

"In Rogan Estate, supra, the Court said (page 140) : ' "This section [Article III, §301] considerably broadened the scope of the court's jurisdiction and jurisdiction now exists where the following situations arise : (1) If the personalty was in decedent's possession, actually or presumptively, at the time of death; (2) if the personalty came into the possession of decedent's personal representative subsequent to his death;** (3) if neither (1) nor (2) exist, but if the personalty was 'registered' in the name of decedent or his nominee [or in the name of decedent and/or other persons] ; (4) if there is an allegation by the personal representative that the personalty was in possession of the decedent when he died." ' "

The Orphans' Court is also granted by statute all legal and equitable powers required for or incidental to the exercise of its jurisdiction.

While it has often been said that the Orphans' Court is a Court of Equity, it is more accurate to say that "in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity." *Williard's Appeal*, 65 Pa. 265, 267. *Mains's Estate*, 322 Pa. 243, 247, 185 A. 222. See also : *Webb Estate*, 391 Pa. 584, 138 A. 2d 435.

---

* P.L. 1163, 20 PS §2080.301 et seq.

** This includes an agent or attorney employed by the executor or administrator. See *Webb Estate*, 391 Pa. 584, 138 A. 2d 435.

The Orphans' Court correctly sustained respondent's preliminary objections for the reason and on the ground that it lacked jurisdiction to terminate this voting trust which was illegally entered into by the petitioner-fiduciary. However, that Court has the power to order a redelivery* to the testamentary trustee of the 10,698 shares of the stock of the William Freihofer Baking Company and the return by this fiduciary of the voting trust certificates she received in exchange. We believe that the equities and the unusual circumstances in this case require a remanding of the record with directions to grant petitioner leave to amend her petition, and particularly the prayer thereof, and to hold such further proceedings and make such additional orders as under all the facts it deems proper and just.

Decree affirmed with modifications.

---

* It, of course, also has the power of surcharge and the power of removal of the testamentary trustee.