## Horner *v.* First Pennsylvania Banking and Trust Company, Appellant.

Argued June 4, 1963. Before Bell, C. J., Musman-no, Cohen, Eagen, O'Brien and Roberts, JJ.

*William H. S. Wells,* with him. *John B. Nason, III, Thomas S. Weary,* and *Saul, Ewing, Remick & Saul,* for appellant.

*Julian W. Barnard,* for appellees.

Opinion by Mr. Chief Justice Bell, October 9, 1963:

The First Pennsylvania Banking and Trust Company appeals from a final Order of the Court of Common Pleas of Montgomery County dismissing appellant's preliminary objections raising the question of that Court's jurisdiction over the action.

Appellant was testamentary trustee under the will of Adelaide C. Henderson, who died in 1910. By her will she divided her residuary estate into four equal parts. She bequeathed (a) one of these parts to her son George outright and absolutely, and (b) the remaining three parts to appellant, in trust for the lives of three other children, with remainders as therein set

forth. On the death of the last surviving life tenant of this trust, appellant filed its account as trustee before the Orphans' Court of *Philadelphia* County. At the audit of the account, the principal question in issue was whether the principal of the trust was payable (a) solely to the then surviving issue of the two life tenants of the trust who had left issue, or (b) whether the then surviving issue of George were also entitled to a share of such principal.

On December 2, 1960, the auditing Judge filed an adjudication in which he held that the issue of George Henderson *were* entitled to a third of the principal then distributable and this adjudication was confirmed by the Orphans' Court en banc. However, this Court reversed and decided in *Henderson Estate,* 405 Pa. 451, 176 A. 2d 428, that the issue of George were *not* entitled to a share of principal. The Orphans' Court of Philadelphia County then ordered distribution to be made pursuant to, and in accordance with, the decision of this Court.

Thereafter appellees, who are the children of one of the life tenants in the trust, brought the present action in assumpsit against the trustee *in the Common Pleas Court of Montgomery County* and asked damages on the basis of the following averments:

(a) That in the action in the Orphans' Court of Philadelphia County the appellant (the trustee) had improperly employed as its attorney a lawyer who also represented the issue of George Henderson;*

(b) That the trustee's said attorney had so misled the Orphans' Court of Philadelphia County as to

---

* It is difficult to understand why these contentions, if they had any merit, were not raised in the Orphans' Court before an appeal was taken to this Court; but, in any event, they should have been raised before the final schedule of distribution was approved, or if a schedule was not filed, then before final distribution.

produce an adjudication and a final decree of that Court which this Court later decided was erroneous;

(c)   That in the Orphans' Court the trustee had been grossly negligent and careless in the administration of this trust and had neglected and failed properly to defend and protect the interests of appellees.*

For these reasons plaintiffs (appellees) asked for (a) damages in the amount of $1,554.32 for counsel fee which they were compelled to pay (b) additional expenses incurred in their successful appeal to this Court, and (c) additional damages to reimburse or repay them for the income they lost because of the delay in the receipt by them of income which was determined to be rightfully theirs.

The trustee (appellant) filed preliminary objections questioning the jurisdiction of the Court of Common Pleas and asserting that jurisdiction over the cause was solely in the Orphans' Court of Philadelphia County.   The Common Pleas Court, we repeat, dismissed the trustee's preliminary objections and this appeal followed.

The Orphans' Court, as has been frequently said, is a Court of limited jurisdiction and possesses only such jurisdiction and powers as have been statutorily conferred upon it.   Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 P.S. §2080.301, provides that the Court shall have jurisdiction, inter alia, as follows:

"(2)   Testamentary trusts.   The administration and *distribution** of the real and personal property of testamentary trusts whether created before or after the effective date of this act, except any testamentary trust created before the effective date of the Fiduciaries Act of 1917, jurisdiction of which already has been acquired by another Pennsylvania court . . . ."

---

* Italics throughout, ours.

"(6) Fiduciaries. The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts of which the court has jurisdiction, except that the grant of letters testamentary and of administration to personal representatives shall remain within the jurisdiction of the register as heretofore."

Since *Kittera's Estate,* 17 Pa. 416 (1851), interpreting the original Orphans' Court Act of March 29, 1832, P. L. (1831-1832) 190, this Court has construed that Act and successive Orphans' Court Acts as conferring *exclusive* jurisdiction upon that Court in all matters pertaining to the settlement, administration and distribution of a decedent's estate, and of trusts created by wills and of other estates and trusts as to which similar jurisdiction has been conferred: *Cole v. Wells,* 406 Pa. 81, 177 A. 2d 77; *Freihofer Estate,* 405 Pa. 165, 174 A. 2d 282; *Trout v. Lukey,* 402 Pa. 123, 166 A. 2d 654; *Way Estate,* 379 Pa. 421, 109 A. 2d 164; *Snyder Estate,* 368 Pa. 393, 84 A. 2d 318; *Marcer v. Wilson,* 360 Pa. 534, 62 A. 2d 847; *Slagle's Estate,* 335 Pa. 552, 7 A. 2d 353; *Wilson v. Board of Directors of City Trusts,* 324 Pa. 545, 188 A. 588; *Heinz's Estate,* 313 Pa. 6, 169 A. 365; *King's Estate,* 215 Pa. 59, 64 A. 324; *Tyson v. Rittenhouse,* 186 Pa. 137, 40 A. 476; *Whiteside v. Whiteside,* 20 Pa. 473.

We said in *Snyder Estate,* 368 Pa., supra (p. 398): "In proceedings to distribute an estate, the orphans' court has jurisdiction to inquire into, and by custom and experience is exceptionally well qualified to determine claims of creditors, legatees, devisees and next of kin, as well as all questions involving distribution, and there is no necessity to resort to any other court or to any other proceedings . . . ."

The purpose and object of the present suit in assumpsit is to surcharge the trustee-appellant. With-

out any doubt the surcharge of fiduciaries is within the exclusive jurisdiction of the Orphans' Court. *Freihofer Estate,* 405 Pa., supra; *Thomas v. Johnson,* 356 Pa. 570, 52 A. 2d 663; *Stamper v. Augenblick,* 352 Pa. 21, 41 A. 2d 573; *Real Estate Savings & Trust Co. of Allegheny v. Lewis,* 340 Pa. 86, 16 A. 2d 13; *Slagle's Estate,* 335 Pa., supra; *Bunce v. Galbrath,* 268 Pa. 389, 112 A. 143; *Carney v. Merchants' Union Trust Co.,* 252 Pa. 381, 97 A. 470; *Lafferty v. Corcoran,* 180 Pa. 309, 36 A. 860; *Rau v. Small,* 144 Pa. 304, 22 A. 740.

In *Freihofer Estate,* 405 Pa., supra, we said (pp. 167-168): "The jurisdiction of the Orphans' Court is statutory: Henderson Estate, 395 Pa. 215, 149 A. 2d 892; Rogan Estate, 394 Pa. 137, 145 A. 2d 530; Way Estate, 379 Pa. 421, 109 A. 2d 164. The Orphans' Court has exclusive jurisdiction of decedents' estates, of testamentary fiduciaries and their control, removal, discharge and *surcharge* and, of course, their administration and their accounts, and also of certain enumerated inter vivos trusts and, under certain circumstances, the title to personal property . . . .

"The Orphans' Court is also granted by statute all legal and equitable powers required for or incidental to the exercise of its jurisdiction."*

It is clear, we repeat, that the Orphans' Court has jurisdiction and power over the administration and distribution of the estate of a decedent and that necessarily includes the determination of all questions involving compensation and surcharge of fiduciaries and the rights of beneficiaries and the proper administration and distribution of estates. *Way Estate,* 379 Pa. 421, 109 A. 2d 164; *Snyder Estate,* 368 Pa. supra; *King's Estate,* 215 Pa. 59, 64 A. 324; *Dundas's Estate,* 73 Pa. 474; *Whiteside v. Whiteside,* 20 Pa. 473; *Kittera's Estate,* 17 Pa. 416.

---

* See Section 304 of the Orphans' Court Act.

Furthermore, these powers of the Orphans' Court did not terminate upon final distribution. Section 983(7) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 P.S. §320.983(7) provides that beneficiaries in trust estates may have the same relief with respect to review and rehearing as is granted to beneficiaries in decedents' estates in §721 of the same Act (20 P.S. §320.721). Section 721 pertinently provides: "If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account, or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require; . . . ."

It is therefore clear that the Orphans' Court had exclusive jurisdiction of the questions and issues raised in the complaint and that appellant's preliminary objections challenging the jurisdiction of the Court of Common Pleas should have been sustained.

The Order of the lower Court is reversed at the cost of appellees.